## W. F. SHIVERS v. TERRITORY OF OKLAHOMA.

(Filed September 10, 1903.)

1. INDICTMENT—Tested, How—Estoppel. That an indictment was not properly "found," "endorsed" or "presented" by the grand jury, may be tested by motion to set aside the indictment before plea, and unless so presented, the defendant is thereafter precluded from raising such questions.

2. STATUTES—Construed. The provision of 5399, Wilson's Stat. construed and defined, and held not to warrant the construction previously adopted by this court, and certain cases overruled.

3. INDICTMENT—Objections to not Considered on Appeal. The objections that the indictment was "not found," or was "not endorsed," or was "not presented," in the manner prescribed by the criminal code, cannot be presented for the first time on appeal.

4. ARRAIGNMENT—Waiver. The defendant in a criminal cause may in person waive the formal reading of the indictment on arraignment, and may consent, in the absence of the original indictment, to have the copy read from the indictment record, and where he does so consent, he cannot after conviction be heard to say that he was not arraigned upon the indictment in the cause.

5. JURY—Separation of—When Verdict Vitiated. It is not every technical separation of a jury during deliberation that will vitiate their verdict. In order to warrant the court in setting aside a verdict of conviction on account of the separation of the jury "without leave of court after retiring to deliberate on their verdict," it must appear that there was such a separation as that the rights of the defendant might have been prejudiced thereby.

6. INDICTMENT—Sufficiency of—Appeal. The sufficiency of the indictment to support a judgment of conviction, as well as the jurisdiction of the court over the subject matter of the action, may be raised at any stage of the proceedings, and may be questioned for the first time in the supreme court.

7. **SAME—Sufficient, When.** Indictment examined and held to contain all the material averments necessary to constitute the crime of grand larceny.

(Syllabus by the Court.)

*Error from the District Court of Blaine County; before J. K. Beauchamp, Trial Judge.*

*P. F. Tyler* and *Lookabaugh Bros.,* for plaintiff in error.

*Ed. Baker, County Attorney, J. C. Robberts, Atty. Gen'l,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: The plaintiff in error, W. F. Shivers, was convicted in the district court of Blaine county of the crime of grand larceny, and sentenced to the penitentiary for a period of two years. From that judgment he appeals to this court.

The plaintiff in error urges four grounds as cause for reversal of the judgment against him. These are: First, that the record does not show that the indictment upon which he was tried was ever "presented" in open court, and that it is not endorsed "a true bill;" second, that he was not arraigned upon the original indictment or a copy thereof; third, that the jurors separated after the cause was submitted to them, without leave of court; and, fourth, that the indictment does not charge a public offense.

The first objection was never presented to or raised in the district court, nor was it embodied in the motion for new trial. Our criminal procedure, chap. 68, art. 7, sec. 5349, Wilson's Statutes, provides:

"An indictment cannot be 'found' without the concurrence of at least twelve grand jurors. When so 'found' it must be indorsed 'a true bill,' and the indorsement must be signed by the foreman of the grand jury."

Sec. 5353: "An indictment when found by the grand jury, must be presented by their foreman in their presence, to the court, and must be filed with the clerk, and remain in his office as a public record."

When an indictment has been so returned, it is the duty of the clerk to record the facts upon the journal of the court. Such recitals upon the record are conclusive as to what was done in the premises; but, if an indictment was in fact returned into court as required by law, the omission of the clerk to record the facts would not invalidate the work of the grand jury, nor defeat the jurisdiction of the court. The facts that the indictment was on file in the clerk's office, and duly recorded in the indictment record, furnish sufficient memorandum upon which the court on proper application, and in the absence of a showing to the contrary, could order a *nunc pro tunc* entry supplying the omission in the record. But can the prisoner raise this question for the first time after conviction, in this court? This must be determined by the several provisions of our statute relating to procedure criminal, and in referring to the statutes, the section numbers given are the running or general sections of Wilson's Stat., 1903, sec. 5355 provides that:

"All forms of pleading in criminal actions, and rules by which the sufficiency of pleadings is to be determined are those prescribed by this chapter." Sec. 5356: "The first pleading on the part of the territory is the indictment." 5379: "When the indictment is filed, the defendant must be arraigned. * * *" 5398: * * * "He may,

in answer to the arraignment, either move the court to set aside the indictment, or may demur or plead thereto." 5399: "The indictment must be set aside by the court, in which the defendant is arraigned, and upon his motion in either of the following cases:" 1. When it is not "found." 2. When it is not "indorsed." 3. When it is not "presented or filed, as prescribed by the statutes of the territory." 4. When the grand jury is not drawn and empanelled as provided by law, and that fact is known to ·the defendant at or before the time the jury is sworn to try the cause. 5. "When the names of the witnesses ·examined before the grand jury are not made to appear on some part of the indictment," within such reasonable time as the court shall fix. 6. When "a person is permitted to be present during the session of a grand jury while the vote on the finding of the indictment is being taken." 7. When "after the grand jury was first empanelled any member or members thereof were discharged and their places filled by persons not regularly drawn from the jury list," and that they participated in the deliberations of the jury. 8. "That the grand jury was not empanelled anew as a whole body in open court," after adding additional grand jurors.

These are the only causes for which an indictment may be set aside on motion. 5400: "If the motion ·to set aside the indictment be not made, the defendant is precluded from afterwards taking the objections mentioned in the last section (5399), except the one that the grand jury was not drawn and empanelled as provided by law," under certain conditions.

If the defendant· does not move to set aside, he may either demur or plead to the indictment. The demurrer must be for causes apparent upon the face of the indictment. "When the objections mentioned in sec. 5408 appear upon the face of the indictment, they can only be taken by de-

murrer, except that the objection to the jurisdiction of the court over the subject of the indictment, or that the facts stated do not constitute a public offense, may be taken at the trial, under the plea of not guilty, and in arrest of judgment." (Sec. 5415.)

The trial court may grant a new trial for one of the causes mentioned in sec. 5557, and may arrest the judgment for any cause prescribed as grounds for a demurrer, unless waived by a failure to demur (sec. 5559), as well as for either of the two causes mentioned in section 5415. The plea may be either guilty or not guilty, or former conviction, or former acquittal (5416), or that he is of unsound mind. (Sec. 5661.)

These provisions of our criminal procedure act define the rights of the accused in each case, and prescribe the causes for which he may attack the proceedings, the manner in which the attack must be made, and the time for making such attack. The supreme court takes appellate and not original jurisdiction in this class of cases, and can only review "any decision of the court or intermediate order made in the progress of the case." (Sec. 5606.) And where the objection has not been made in the court below, there is nothing to review. It has been held that the objection to the jurisdiction of the court over the subject-matter of the case, and sufficiency of the facts charged to constitute a public offense may be presented for the first time in this court, and this is the general rule, regardless of the statute.

It was urged that the indictment was not found in the manner prescribed by the code. The objection that no record was made of the presentment of the indictment, and that

it was not indorsed "A true bill," both come within the causes for which a motion may be made to set aside the indictment, and unless such motion is made before trial, the defendant is precluded from raising the question. The records of the court are open to him at the time he pleads, and the indictment is subject to his inspection before he pleads; if any defects or omissions exist, they are apparent at and prior to arraignment, and time is allowed the accused after arraignment in order to permit him to make these inspections and present his objections before being required to plead. His failure to object at the time and in the manner provided by statute is a waiver of any and all such objections.

The objection that the indictment was not presented in open court should have been presented to the trial court by motion to set aside the indictment. An indictment is "found" when twelve grand jurors competent to vote upon such finding shall concur in finding such indictment.

The objection that the indictment was not "found" as prescribed by statute, presents only the question as to whether a sufficient number of grand jurors voted to find such indictment, and does not authorize an inquiry into the question of the formation of the grand jury, who was present at the investigation, or what testimony was received by the grand jury. Our criminal code was adopted from Dakota, and the same code was in use in California many years before we adopted it. The provisions now under consideration had been frequently construed, and had a well settled construction at the time we adopted the code, and evidently our legislature adopted the chapter on criminal procedure with the con-

structions that had been given it by the Dakota and California courts; and under the rule of legislative adoption of statutes, we should follow the constructions that had been generally placed upon this statute prior to the date we adopted it.

The scope and meaning of the first sub-division of section 5399 was before the supreme court of California in 1873, in the case of *People v. Southwell,* 46 Cali. 141, and it was there held that the provision "not found as prescribed by this code" could not be construed to include any irregularities in the selection or empanelling of the grand jury which found the indictment. And again in 1879 the same question was before the court in *People v. Colby,* 54 Cali. 37, and it was there held that this provision means only that the finding must be concurred in by the prescribed number of grand jurors, as provided in section 5349. And we think this interpretation reasonable. The criminal code is intended to be a comprehensive system embracing every element of procedure necessary for the apprehension and punishment of those guilty of crime, and also to protect the accused in every right guaranteed by the constitution, or embraced in "due process of law." Its several parts are to be construed with reference to each other, and each given its meaning as apparent from its various portions. Thus, an indictment is "found" when twelve grand jurors concur in the finding. If it is not thus "found," it will be set aside on motion. It is "indorsed" when the words "a true bill" are written on the indictment and signed by the foreman, and the names of the witnesses examined before the grand jury written upon the indictment. If it is not thus "indorsed," it will be set aside upon motion,

unless in case of failure to indorse witnesses, the prosecuting attorney shall within a reasonable time, be allowed by the court, to make such omitted indorsement. An indictment is "presented" when it is delivered by the foreman in the presence of the grand jury to the court and filed with the clerk, and unless so "presented" it will be set aside on proper motion of the accused, and so on as to each requirement which is made a cause for setting aside the indictment.

This court has heretofore expressly approved practices in conflict with the California cases, and with the rule as herein stated. At the time these decisions were rendered, our attention had not been called to the California and Dakota adjudications, and we now deem it our duty to follow the construction given to our criminal code by the states from which we took it, and which our legislature evidently adopted, and in so far as the cases of *Royce v. The Territory,* 5 Okla. 61, and *Mahaffey v. The Territory,* 11 Okla. 213, are in conflict herewith, the same are overruled.

The defendant also avers that the indictment was not indorsed "a true bill" and signed by the foreman. This indorsement is not essential to the validity of the indictment. In *People v. Laurence,* 21 Cali. 368, the supreme court of California, speaking by that distinguished jurist, Mr. Stephen J. Field, when he was chief justice of that court, in construing the same provisions of the criminal code, said:

"The indictment was returned to the court signed by the foreman of the grand jury, but without being indorsed "a true bill," and the absence of this indorsement was urged as a fatal defect to the indictment. The statute requires the indictment to be indorsed "a true bill" and the indorsement to be signed by the foreman, and provides that the in-

dictment shall be set aside, upon motion of the defendant, when not thus indorsed, provided the motion be made before a demurrer or plea is interposed, but if not thus made, that the defendant shall be precluded from afterwards taking the objection. In the present case the defendant pleaded to the indictment, and did not raise the objection until after the jury were empanelled and sworn. It was too late then under the statute to urge the objection. The indorsement is not essential to the legality and sufficiency of the indictment, as contended. It is only evidence of the finding of the indictment, and the object of the statute in requiring it is simply to secure the authenticity and genuineness of the instrument. This end is equally attained when the indictment is presented by the grand jury in open court, and is filed by the clerk with other records. If in the present case, no indictment had in fact been found, the court would, undoubtedly, upon a proper application, have allowed the plea to be withdrawn, and the motion made. But the truth being that it had been found and presented in open court, no objection could be urged to it except a technical one." ·

This objection should have been taken by motion; and as said by Justice Field, a failure to present it in the proper manner and at the right time, constitute a waiver of the right to object.

In *Frisbie v. The United States,* 157 U. S. 164, Mr. Justice Brewer, speaking for the court on the same subject, said: "The defect, however, is waived if objection is not made in the first instance and before trial, for it does not go to the substance of the charge, but only to the form in which it is presented. There is a general unanimity of the authorities to this effect."

In *Rhea v. U. S.,* 6 Okla. 249, this court announced the rule that all defects and objections are waived, except that

the indictment does not charge a public offense, or that the court has no jurisdiction of the offense, unless presented to the trial court by motion to set aside, or by demurrer.

The supreme court of California has in a number of cases held that the statutory provision controls, and that a failure to move to set aside before plea will preclude the defendant from afterwards making any of the objections for which a motion to set aside is the proper remedy. (*People v. Villarino,* 66 Cali. 228; *People v. Laurence,* 21 Cali. 368; *People v. Turner,* 39 Cali. 370; *People v. Swenson,* 49 Cali. 388; *People v. Burgess,* 35 Cali. 115; *People v. Jim Tie,* 32 Cali. 60.)

To the same effect are: *Territory v. Pratt,* 6 Dak. 483; *Kerr v. State,* 36 Ohio St. 614; *Jinks v. State,* 5 Tex. App. 68; *Wescott v. State* [Fla.] 12 So. 846; *Galloher v. State,* 17 Fla. 370.

The next objection urged is that the defendant was not arraigned upon the original indictment. This objection is frivolous. The record brought to this court shows that when the case was called for trial, the original indictment was reported lost, and that after an express waiver in open court, the defendant was arraigned upon the record of the indictment and entered his plea. The case was then postponed from Saturday until the following Monday, and when the trial was again resumed, the original indictment had been found and was used during the trial. A defendant who is present may, on arraignment, waive the formal reading of the indictment and enter his plea. (*Minnich v. People,* 8 Colo. 440; *Stewart v. State,* 111 Ind. 554; *Bateman v. State,* 64 Miss 233; *State v. Braunschweig,* 36 Mo. 397; *Goodwin v. State,* 16 Ohio St. 344; Bishop's New Crim. Proc., sec. 733.)

And we see no sufficient reason why he could not waive the reading of the original indictment and give his consent to be arraigned upon a copy as appearing on the record, duly certified by the clerk. And this he did, and he cannot now be heard to say that he was not properly arraigned.

It is contended that there was an unauthorized separation of the jury after they had retired for deliberation, and while considering the case. In support of this objection the defendant presented the affidavits of two witnesses. One stated that after the jury had retired to deliberate, he saw one of the jurors in the hall of the court house, not in the presence of the jurors, and unaccompanied by an officer. The other affiant stated that after the jury retired to deliberate, he saw eleven jurors leave the jury room and court house, and one remained in the jury room; he did not know how long the eleven were out of the room.

We cannot say that the trial court committed any error in overruling this objection. All presumptions are in favor of the regularity of the proceedings of the jury, and the burden is on the defendant to show that there was such a separation of the jury as might have affected his interests. some of the courts hold that when such separation is shown, that prejudice will be presumed, while others hold that the defendant must show that he was in fact prejudically affected, while still others hold that if the verdict was right on the evidence, any such irregularities will be disregarded in any event. But we do not deem it necessary to determine the effect of an actual separation where wrong might have resulted. We do not think the facts shown by the affidavits established such a separation of the jury as is contemplated

by the law.    It does not appear that an officer was not in charge of the eleven when the one was in the hall way, and it is not shown that he was not within actual view of an officer; nor does it appear that when the eleven left the court house and one remained, that each portion was not in charge of a proper officer.    The court in the trial of a criminal cause has the right to permit jurors to absent themselves from the jury room for necessary purposes, and for going out after their meals, provided a sworn officer keeps the jurors in view at all times, and prohibits and communication with outside persons, and we know as a matter of common observation of the practice of courts, that it is frequently the case that two officers are put in charge of a jury while deliberating in order that they may the better accommodate the wants of the jurors.    No presumptions can be entertained against the jurors until it is affirmatively shown that there was such a separation as would constitute a violation of the directions of the court and of the rights of the defendant, and the facts do not show such separation in this case.    (*People v. Bonney,* 19 Cal. 427; *Blyers v. Com.,* 91 Ky. 200; *Holly v. Com.,* 36 S. W. 532; *People v. Kelly,* 46 Cali. 347; *Ogle v. State,* 16 Tex. App. 368; *Territory v. Hart,* 7 Mont. 489; *People v. Bush,* 68 Cali. 623; *State v. Nockum et al.,* 6 So. [La.] 729; *Masterson v. State,* 144 Ind. 240; *Key v. State,* 28 Ark. 155.)

The next contention is that the indictment does not state facts sufficient to constitute a public offense.    While it does not appear that the indictment was demurred to, yet it is the almost universal rule that the sufficiency of the indictment to support a judgment of conviction may be raised

at any stage of the case.  This question goes to the jurisdiction of the court to render a judgment in the case, and the question of jurisdiction of the subject-matter, or to render a judgment of conviction in a case, may be raised at any time and for the first time in the supreme court.  On examination of the indictment, it appears to contain all the material averments essential to constitute the crime of grand larceny.  If there is any defect in the charging part of the indictment, we are unable to discover it.

Other alleged errors are assigned in the petition in error, but as they are not argued in the briefs, they will be deemed to be waived.

The judgment of the district court of Blaine county is affirmed, at the costs of plaintiff in error, and the sheriff of that county is ordered to at once proceed to execute the judgment.

Beauchamp, J., who presided in the court below, not sitting; Gillette, J., absent; all the other Justices concurring.