## J. C. RAY v. STATE.

No. A-6141.   Opinion Filed Aug. 4, 1928.
(269 Pac. 509.)

Lunsford & Windham and White & Reid, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Le Flore county of manslaughter in the first degree, and his punishment fixed at confinement for four years in the state penitentiary.

The record discloses that at the time charged defendant shot and killed one Ed Melton. The sufficiency of the evidence to sustain the verdict and judgment is not challenged, and we deem it unnecessary to make a recital of facts.

The first and second assignments of error go to the same question, that defendant was not arraigned on the amended information, and to put him upon trial on an amended information without arraignment and plea is a violation of his constitutional and statutory rights. The information charges defendant and J. W. Martin jointly with the crime of murder. The allegation as to defendant is:

"* * * That is to say that he, the said J. C. Ray, did then and there willfully, unlawfully, feloniously, without authority of law, and with a premeditated design to effect the death of another person, to wit, Ed Melton, shoot and discharge leaden bullets into the body of him, the said Ed Melton, from a certain loaded pistol which he, the said J. C. Ray, then and there had and held in his

hands, then and there and thereby inflicting mortal wounds upon the body of him, the said Ed Melton, of which mortal wounds he, the said Ed Melton, did then and there die. * * *"

Then follows an allegation that J. W. Martin aided and abetted the defendant, though not present. The defendant appeared in person, waived formal arraignment, and entered a plea of not guilty to this information. Defendant Martin separately demurred to the information as not setting forth sufficient facts to charge him with the crime of murder. No ruling was made on the demurrer of Martin, but an amended information was filed amplifying the allegations as to Martin being an aider and abettor, but no change was made in the allegation as to defendant. Defendant then demanded a severance, which was granted, and the state elected to try him first. Both sides announced ready for trial, a jury was called, examined, and sworn, and the opening statement of the county attorney made, in which he stated that defendant had entered a plea of not guilty. The opening statement of defendant's counsel was reserved. When the state called its first witness, defendant then objected that the information was not the one upon which defendant had been arraigned, or to which he had entered a plea. The question presented is, Was the trial upon the amended information without arraignment and plea erroneous, and, if so, is defendant injured thereby?

It is said generally that an arraignment is necessary in order to fix the identity of the accused, to inform him of the charge, and to give him an opportunity to plead. 8 R. C. L. 107, § 70. Formerly it was generally held by the courts that an arraignment and plea were necessary and must be shown by the record. The modern trend of authority is that the arraignment may be waived, particularly where it would be a mere formality and no prejudice could have resulted from the omission. The following cases from this court announce and follow the liberal

rule: Harris v. U. S., 4 Okla. Cr. 317, 111 P. 982, 31 L. R. A. (N. S.) 820, Ann. Cas. 1912B, 810; Wood v. State, 4 Okla. Cr. 436, 112 P. 11, 45 L. R. A. (N. S.) 673; Johnson v. State, 5 Okla. Cr. 1, 112 P. 760; Spencer v. State, 5 Okla. Cr. 7, 113 P. 224; Hast v. Ty., 5 Okla. Cr. 162, 114 P. 261; Ryan v. State, 8 Okla. Cr. 623, 129 P. 685; Simpson v. State, 16 Okla. Cr. 533, 185 P. 116. Thomas v. State, 17 Okla. Cr. 550, 190 P. 711; Sherman v. State, 19 Okla. Cr. 269, 200 P. 262; Brown v. State, 33 Okla. Cr. 217, 242 P. 1065.

The history and origin of the former strict rule and a reason why it should now be modified by the modern liberal rule is found in the case of Garland v. State, 232 U. S. 642, 34 S. Ct. 456, 58 L. Ed. 772. It was there said:

"It is apparent that the accused was tried and convicted upon an information charging an offense against the law, that he had a jury trial, with full opportunity to be heard, and that he was in fact deprived of no right or privilege in the making of his defense, unless such deprivation arises from the fact that he was not arraigned and required to plead to the second information before trial. The object of arraignment, being to inform the accused of the charge against him and obtain an answer from him, was fully subserved in this case, for the accused had taken objections to the second information, and was put to trial before a jury upon that information in all respects as though he had entered a formal plea of not guilty. In this view, the Supreme Court of Washington, following its former decisions, held that the failure to enter the plea had deprived the accused of no substantial right, and that having failed to make objection upon that ground before trial it was waived and could not be subsequently taken. This ruling, it is contended, deprived the plaintiff in error of his liberty without due process of law within the meaning of the Fourteenth Amendment of the Constitution.

"Due process of law, this court has held, does not require the state to adopt any particular form of procedure, so long as it appears that the accused has had sufficient notice of the accusation and an adequate oppor-

tunity to defend himself in the prosecution. Rogers v. Peck, 199 U. S. 425, 435, 26 S. Ct. 87, 50 L. Ed. 256, 260, and previous cases in this court there cited. Tried by this test it cannot for a moment be maintained that the want of formal arraignment deprived the accused of any substantial right, or in any wise changed the course of trial to his disadvantage. All requirements of due process of law in criminal trials in a state, as laid down in the repeated decisions of this court, were fully met by the proceedings had against the accused in the trial court. The objection was merely a formal one, was not included in the general language in which the objection to the introduction of evidence was interposed before the trial, and was evidently reserved with a view to the use which is now made of it, in an attempt to gain a new trial for want of compliance with what in this case could have been no more than a mere formality.

"It is insisted, however, that this court in the case of Crain v. United States, 162 U. S. 625, 16 S. Ct. 952, 40 L. Ed. 1097, held the contrary. In that case the question was specifically made as to the necessity of a plea before trial, duly entered of record. The learned justice who spoke for the majority of the court announced its conclusion approving a number of early cases in the state courts which had held that such form of arraignment entered of record was essential to a legal trial, and holding that in a federal court no valid trial could be had without the requisite arraignment and plea, and that such must be shown by the record of conviction. If a legal trial cannot be had without a plea to the indictment, duly entered of record before trial, it would follow that such omission in the present case requires a reversal of the judgment of conviction, because the prisoner has been deprived of due process of law.

"Technical objections of this character were undoubtedly given much more weight formerly than they are now. Such rulings originated in that period of English history when the accused was entitled to few rights in the presentation of his defense, when he could not be represented by counsel, nor heard upon his own oath, and when the punishment of offenses, even of a trivial character, was of a severe and often of a shocking nature. Under that system the courts were disposed to require

that the technical forms and methods of procedure should be fully complied with. But with improved methods of procedure and greater privileges to the accused, any reason for such strict adherence to the mere formalities of trial would seem to have passed away, and we think that the better opinion, when applied to a situation such as now confronts us, was expressed in the dissenting opinion of Mr. Justice Peckham, speaking for the minority of the court in the Crain Case, when he said (page 649):

" 'Here the defendant could not have been injured by an inadvertence of that nature. He ought to be held to have waived that which, under the circumstances, would have been a wholly unimportant formality. A waiver ought to be conclusively implied where the parties had proceeded as if defendant had been duly arraigned, and a formal plea of not guilty had been interposed, and where there was no objection made on account of its absence until, as in this case, the record was brought to this court for review. It would be inconsistent with the due administration of justice to permit a defendant under such circumstances to lie by, say nothing as to such an objection, and then for the first time urge it in this court.'

"Holding this view, notwithstanding our reluctance to overrule former decisions of this court, we now are constrained to hold that the technical enforcement of formal rights in criminal procedure sustained in the Crain Case is no longer required in the prosecution of offenses under present systems of law, and so far as that case is not in accord with the views herein expressed, it is necessarily overruled."

In the record before us, defendant having in open court waived arraignment to the original information upon the identical allegations contained in the amended information and having announced ready for trial upon the amended information, there was no error in the trial upon the amended information without a formal arraignment.

The only other assignment of error argued is that

the court erred in his instruction No. 9, which instruction reads:

"Now in this case, if you do not believe from the evidence beyond a reasonable doubt that the defendant is guilty of murder in the taking of the life of the deceased, but you do believe from the evidence in the case beyond a reasonable doubt that the defendant, at the time and place alleged in the information, did, without a design to effect the death of the deceased, and in the heat of passion, but in a cruel or unusual manner or by means of a dangerous weapon, inflict upon the deceased the mortal wounds as charged, which caused the death of the deceased, unless you further believe that it was committed under such circumstances as constitute justifiable homicide, as defined in these instructions, then you will find the defendant guilty of manslaughter in the first degree."

It is insisted that this instruction places upon defendant the burden of proving circumstances that would constitute justifiable homicide, while the law requires no more than to create in the minds of the jury a reasonable doubt. If this instruction stood alone, there might be some force to the argument. It is fundamental that the instructions are to be considered as a whole, and each must be considered in connection with the other instructions. It will be noticed that instruction 9, quoted, in effect tells the jury that, in case they entertain a reasonable doubt of defendant's guilt of the crime of murder, he is not for that reason to be acquitted, but it is their duty to then consider the lesser offenses of manslaughter, and, if the killing was without design to effect death, but in the heat of passion, but in a cruel and unusual manner or by means of a dangerous weapon, such killing would be manslaughter in the first degree, unless committed under circumstances to constitute justifiable homicide "as defined in these instructions." Then, examining further the instructions, we find the court fully instructed on the law of self-defense, in substance, that, if the jury should

find that the homicide was committed by defendant in his self-defense, or if they entertained a reasonable doubt thereof, they should acquit defendant; construing this with instruction 9, and particularly the phrase "as defined in these instructions" the instructions as a whole contain exactly what defendant contends they should contain. Also the court gave the jury the usual instructions on the presumption of innocence and burden of proof. Taken as a whole and considered altogether, the instructions fairly state the law applicable, and are free from any prejudicial error.

.The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.