## SUM HUFFMAN v. STATE.

No. A-7145.  Opinion Filed March 15, 1930.
(287 Pac. 1090.)

R. C. Roland, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, P. J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Marshall county of manslaughter in the first degree, and his punishment fixed at imprisonment in the penitentiary for a term of seven years.

The record discloses that at the time charged defendant shot and killed Louis Wells. The deceased had been calling on a daughter of defendant to which defendant objected, although there had been no hostilities and there was some evidence that defendant in a measure had ceased his objections. At the time of the homicide, deceased and another young man went to the home of defendant and was invited in by a son. They went in where the daughter was and showed her some pictures they had taken some time before and were engaged in a conversation.

The evidence of the state is, when the young men came on the porch, that defendant spoke to them and then went into the house. Defendant came in with a shotgun in his hand, and without saying anything shot the deceased in the head, killing him instantly. Deceased at the time was sitting in a chair, rolling a cigarette. Defendant then struck the other young man with the gun.

The defendant testified:

"* * * Q. Did you have any objections to this young man writing to your daughter? A. I did not know he was writing until he advanced them letters. * * *

"Q. After you found out he was writing to her, did you have any objection to that correspondence continuing? A. Yes, sir; I told him to stay away and he gave me those letters after I told him.

"Q. Tell us what you got sore at Mr. Wells about. A. He told me he was coming there or die.

"Q. That was the reason you got angry? A. Yes, sir, I had been catching him two or three weeks—he did not say anything out of the way.

"Q. You said you had caught him and had not said anything out of the way? A. No, I was with them.

"Q. Number of. times when your daughter would go anywhere you and your wife would go also? A. Yes.

"Q. Mr. Huffman, at the time you fired that shot you knew what you were doing? You recognized Mr. Wells sitting in the chair? A. Yes, sir, it was self-defense.

"Q. You knew you had that gun in your hand? A. Yes.

"Q. You knew that gun was loaded? A. Yes.

"Q. You recall and knew that you shot at Mr. Wells? A. Yes, sir.

"Q. And you were in your right mind at that time? A. I suppose I was.

"Q. Did you know where you hit Mr. Wells? A. In the side of the head kinda.

"Q. Is that where you aimed at, his head? A. Yes, I shot at his head—He was laying in the chair. * * *

"Q. You said that Wells told you he was coming to see your daughter if it cost his life—that the reason you shot him? A. I shot him because he kept trespassing on me.

"Q. And you shot him because he did not stay away from your home? A. Yes. * * *

"Q. Mr. Huffman, why did you want to kill Mr. Tigue (meaning Mr. Wells)? A. Because I forbid them and they stayed together all the time.

"Q. And that is the reason you killed him? A. Yes. * * *"

The evidence makes out a case of murder. It discloses that defendant shot and killed the deceased for no reason other than that he was calling on his daughter against his wishes.

Defendant argues that the court committed prejudicial error, in that at the time the defendant was arraigned the information was not read to him, and that the plea of not guilty was entered for him by his attorney instead of by the defendant in person. This contention is wholly untenable. The record discloses that defendant announced ready for trial, and even if the manner of taking the plea was irregular, it was waived by such announcement. Ray v. State, 40 Okla. Cr. 413, 269 Pac. 509.

Some other matters are set out in the brief, but none of them have any merit.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.