## Ex parte BILL CRITSER.

No. A-11125.   Sept. 29, 1948.
(198 P. 2d 228.)

Bill Critser, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, J.   This is an original proceeding in habeas corpus brought by the petitioner Bill Critser, seeking his release from the penitentiary at McAlester, Okla.

Petitioner alleges that he was convicted in the district court of Tulsa county, Okla., on a charge of robbery by force of one Walter Mason of $30 in money, on October 4, 1947. He contends that though counsel was appointed for him by the court before arraignment, at the time of arraignment counsel was not present, but he admits that notwithstanding counsel was not present he

entered a plea of not guilty. Thus, he was not injured by the absence of his counsel. Thereafter, he apparently announced ready, when the case came on for trial before a jury, apparently with the aid of counsel, at which time he was convicted, and sentenced to five years in the penitentiary. He contends that the fact he entered his plea without the aid of counsel in the preliminary stages of the proceeding is ground for relief by habeas corpus. This contention, however, is without merit under the circumstances herein involved, for it was said in Huffman v. State, 46 Okla. Cr. 377, 287 P. 1090, 1091:

"The record discloses that defendant announced ready for trial, and even if the manner of taking the plea was irregular, it was waived by such announcement. Ray v. State, [40 Okla. Cr. 413], 269 P. 509."

In his petition he further says he was inexperienced in matters of the law. We must observe that it was not necessary that he be experienced in such matters since he had the aid and advice of counsel provided by the court.

Next he contends that the evidence upon which he was convicted was purely circumstantial and unsubstantiated. This is a matter that can be reached only on appeal, and not by habeas corpus, for it has been repeatedly held that habeas corpus is not a substitute for appeal. Ex parte Broyles, 84 Okla. Cr. 47, 178 P. 2d 652; Ex parte Darr, 84 Okla. Cr. 352, 182 P. 2d 523; Ex parte Mayfield, 84 Okla. Cr. 158, 179 P. 2d 934; Ex parte Walker, 84 Okla. Cr. 190, 180 P. 2d 670; Ex parte Robinson, 56 Okla. Cr. 404, 41 P. 2d 127; Ex parte Thomas, 56 Okla. Cr. 258, 37 P. 2d 829; Ex parte Barnette, 29 Okla. Cr. 80, 232 P. 456; Ex parte Talley, 4 Okla. Cr. 398, 112 P. 36, 31 L. R. A., N. S., 805; In re Sullivan, 82 Okla. Cr. 364, 170 P. 2d 260; Ex parte Miller, 82 Okla.

Cr. 315, 169 P. 2d 574; and numerous other decisions to that effect.

Moreover, we have said that habeas corpus cannot be used to correct irregularities of procedure. Ex parte Cannes, 77 Okla. Cr. 71, 138 P. 2d 561, certiorari denied Cannes v. State, 320 U. S. 764, 64 S. Ct. 44, 88 L. Ed. 456. Also, Ex parte Darr, supra; Ex parte Stover, 14 Okla. Cr. 120, 167 P. 1000; Ex parte Vanderburg, 73 Okla. Cr. 21, 117 P. 2d 550; Ex parte Tollison, 73 Okla. Cr. 38, 117 P. 2d 549, wherein this court said:

"The Criminal Court of Appeals on habeas corpus will not look beyond the judgment and sentence of any court of competent jurisdiction as to mere irregularities of procedure or errors of law on questions over which the court has jurisdiction."

Furthermore, this court has repeatedly held that the writ of habeas corpus is limited to cases wherein the judgment and sentence of the court attacked are clearly void. Ex parte Walker, supra; Ex parte Darr, supra; Ex parte Tollison, supra; Ex parte West, 62 Okla. Cr. 260, 71 P. 2d 129; Ex parte Keel, 62 Okla. Cr. 277, 71 P. 2d 313; Ex parte Dunn, 33 Okla. Cr. 190, 242 P. 574; Ex parte Grant, 32 Okla. Cr. 217, 240 P. 759; Ex parte Hollingshead, 24 Okla. Cr. 131, 216 P. 486. It clearly appears in the case at bar that the judgment and sentence herein pronounced is not void, for the court had jurisdiction of the subject matter, robbery by force, Title 21 O. S. A. 1941 §§ 791, 792, 793; jurisdiction of the person of the defendant, and authority under the law to pronounce the sentence imposed, Title 21 O. S. A. 1941 §§ 797, 798, 799.

In his prayer, the petitioner prays that he may "be granted a reduction in the presently being served highly excessive sentence." This contention is likewise without

merit, since it does not form the basis for relief by habeas corpus. The judgment and sentence is for five years in the penitentiary. The minimum punishment for first degree robbery, in which classification robbery by the use of force falls, is ten years, and for second degree robbery the maximum punishment is not exceeding ten years. It is, therefore, apparent that the judgment and sentence herein imposed can in no respect be regarded as excessive and the basis for relief by habeas corpus since the judgment and sentence herein pronounced is less than the minimum for first degree robbery, and does not exceed the maximum for second degree robbery. It occurs to the court in this regard that the record discloses that the petitioner herein is more fortunate than imposed upon relative to the sentence herein imposed. Therefore, it appearing that the petition is insufficient upon which to base relief by habeas corpus, the writ prayed for therein must be denied.

BAREFOOT, P. J., and JONES, J., concur.