## SCROGGINS v. STATE.

No. A-11133.   June 14, 1950.

(219 P. 2d 636.)

Walter Billingsley, Wewoka, and H. M. Shirley, Coalgate, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for defendant in error.

BRETT, J.   The plaintiff in error, Mirrell Desota Scroggins, defendant below, was charged by information in the district court of Coal county, Okla., with the crime

of manslaughter in the first degree of John B. Blann. He was tried by a jury, found guilty of second degree manslaughter, his punishment fixed at 2 years and 6 months in the State Penitentiary, and judgment and sentence entered accordingly. From said judgment and sentence, this appeal has been perfected.

Briefly, the facts are as the jury found, that the defendant, in a drunken condition, was driving his 1934 black Ford panel truck on Highway 75 in a northwesterly direction, where the road makes a sharp curve to the left. The record further discloses that the defendant was driving in a highly reckless and negligent manner and at a rate of speed estimated from 40 to 60 miles per hour. In going round a left-hand bend he ran off the pavement slab on to the shoulder on the east side of the road, and into John B. Blann who was walking on the shoulder, colliding his truck at the right front door with Mr. Blann inflicting injuries from which he immediately died.

The defendant does not question the sufficiency of the evidence, and urges only one question of law.

In his brief he contends that he was never arraigned on the charge before trial. He contends this being a felony case he could not waive a plea, and in his absence his attorney entered a plea for him. In this connection it appears that his attorney, on arraignment day, March 19, 1948, did enter a plea of not guilty for him. The court minutes reflect the following:

"Demurrer overruled; exception allowed. Attorney for defendant present in court and waives arraignment and enters plea of not guilty and will be ready for trial Wednesday, March 24, 1948, at 9 o'clock a.m. County Attorney has leave of court to endorse three witnesses."

This proceeding at the trial was admitted as true. This, however, is not controlling, On the day of the trial March 24, 1948, the pertinent part of the court minutes reflect the following:

"Thereupon, both the State and the defendant, by counsel, *announcing ready,* a jury of twelve good and lawful men is duly drawn, selected, qualified and sworn to try the case. * * *

"The defendant and counsel present; the jury is returned into open court in charge of its sworn bailiff, and the following proceedings had, to-wit:

"The witnesses are sworn. The rule as to witnesses remaining out of the hearing of the proceedings is invoked.

"The opening statement of the State's case is made to the jury by Mr. Lavern Fishel, County Attorney.

"The statement of the defendant's case is made to the jury by Mr. Walter Billingsley, counsel for defendant.

"State's Evidence:

"Tom Stevenson,—a witness for the State is called to the witness stand, having heretofore been duly sworn as a witness according to law.

"Mr. Billingsley: Comes now the defendant, Mirrell Desota Scroggins, and objects to any questions in the trial of this cause, for the reason that he has never been arraigned as provided by law, and the case is not at issue. * * *"

With the defendant's contention we cannot agree. The fact of announcing ready for trial constituted a waiver of arraignment. The empaneling of the jury, the making of an opening statement, etc., confirmed the announcement of ready.

In so holding we are not unmindful of the fact that Title 22 O.S.A. 1941 §§ 451, 452, provide as follows:

"451. When the indictment or information is filed, the defendant must be arraigned thereon before the court in which it is filed, if triable therein; if not, before the court to which it is removed or transmitted.

"452. If the indictment or information is for a felony the defendant must be personally present, but if for a misdemeanor only, his personal appearance is unnecessary, and he may appear upon the arraignment by counsel."

The foregoing provisions of the statutes have been held to be provisions of the statutes for the benefit of the defendant himself which he may waive. Littlejohn v. State, 32 Okla. Cr. 401, 241 P. 210. A case clearly in point is Brown v. State, 33 Okla. Cr. 217, 242 P. 1065, wherein this court held:

"In a criminal action, a defendant by silence may waive the benefit of a statutory provision, and announcing ready for trial and going to trial without objection waives arraignment and plea. Where the defendant appears in person and by counsel, at the time assigned for trial, and announces ready for trial, this constitutes a waiver of arraignment and right to enter plea."

Further on in the body of the opinion the court said:

"The record shows that the defendant was represented by competent counsel, that he voluntarily announced himself ready for trial, and that the case was treated as at issue upon a plea of not guilty, and the defendant was accorded every right that he could have availed himself of under the most formal entry of his plea. If the defendant had not been arraigned and did not enter his plea, knowing this formal defect in the record, he took the chance of an acquittal, which would have barred further prosecution. The conviction will have the same effect."

Further, in quoting from Martin v. Territory, 14 Okla. 598, 78 P. 88, this court in the Brown case, supra,

said, among other things, that in exercising the privilege of arraignment the defendant is required to "act in good faith." To the same effect is Ray v. State, 40 Okla. Cr. 413, 269 P. 509, wherein it was said:

"In a criminal action, a defendant by silence may waive the benefit of a statutory provision, and, by announcing ready for trial and going into trial without objection, he waives arraignment and plea."

In Huffman v. State, 46 Okla. Cr. 377, 287 P. 1090, it was said:

"Where a defendant in a criminal case announces ready for trial, he thereby waives arraignment and plea or any irregularity therein."

In the Huffman case, supra, it was contended that the plea had been entered for him by his attorney instead of by the defendant in person. In the body of the opinion the court said:

"This contention is wholly untenable. The record discloses that defendant announced ready for trial, and even if the manner of taking the plea was irregular, it was waived by such announcement. Ray v. State, [40 Okla. Cr. 413], 269 P. 509."

The foregoing decisions have been consistently followed in construing the statute relative to arraignment and plea. See, in this connection, Fuller v. State, 70 Okla. Cr. 408, 106 P. 2d 832; Holt v. State, 84 Okla. Cr. 283, 181 P. 2d 573; Scott v. State, 85 Okla. Cr. 213, 186 P. 2d 336; Ex parte Critser, 87 Okla. Cr. 380, 198 P. 2d 228. In light of the facts and the prior decisions of this court the contention of the defendant herein is wholly without merit. The judgment and sentence of the lower court is accordingly affirmed.

JONES, P. J., and POWELL, J., concur.