Tony TANNER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13317.

Court of Criminal Appeals of Oklahoma.

May 15, 1963.

Kenneth Kienzle, Jr., Shawnee, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

JOHNSON, Judge.

This is an appeal by transcript from a judgment and sentence entered against the plaintiff in error, Tony Tanner, hereinafter referred to as the defendant, in the district court of Caddo County, Oklahoma, wherein said defendant was convicted of the crime of burglary in the second degree after former conviction of a felony, and sentenced to serve ten years in the state penitentiary.

In his petition in error, the defendant alleges nine specifications of error. Most

of them would require a study of the testimony, and we shall consider only errors numbered 5, 6 and 7 charged by the defendant.

This appeal is by transcript, and we have often held that the Court is limited to a consideration only of errors appearing on the face of the record, and in an appeal by transcript will not decide questions which can not be correctly determined without the aid of the testimony. Roberson v. State, Okl.Cr., 362 P.2d 1115; York v. State, Okl.Cr., 281 P.2d 769.

By the provisions of Title 22 O.S.1961 § 977, the following instruments constitute a transcript: (1) The indictment and a copy of the minutes of the plea or demurrer; (2) a copy of the minutes of the trial; (3) the charges given or refused, and the indorsements, if any, thereon; and (4) a copy of the judgment.

The purported transcript before us does not contain a copy of the indictment or a copy of the minutes of the plea or demurrer. Hence, we are at a loss to know when the defendant was arraigned, and whether or not he demurred to the information, or amended information.

In this instance the clerk certifies: " * * the within and foregoing to be a true, complete and correct copy of Information, Supplemental Amended Information, Motion for a New Trial, Notice of Appeal, Order on Hearing of Motion for New Trial and Notice of Appeal, Instructions to the Jury, Instructions to the Jury, Verdict [there are two verdicts shown], Judgment and Sentence on Conviction, Minutes, and Order to Pay Attorney in the District Court of Caddo County, State of Oklahoma case No. 3432, which constitutes a record of the action as the same appears on file and of record in my office." The instruments are set out in the transcript in the order given.

The transcript shows that the information was filed in the district court of Caddo County on February 6, 1962 charging the defendant and two others with burglary in the second degree, in that on January 4, 1962 in the night time they broke into the Cement High School building with the intent to commit the crime of larceny of certain personal property, to-wit: "1 Craftsman 12 inch screw driver, and other tools".

Thereafter on August 17, 1962 there was filed an instrument denominated "Supplemental Amended Information", on a printed form labeled "Information", and in which all of the charging part was stricken and typed therein was the charge against this defendant with the conviction of three former felonies for which he had served prison terms.

There is nothing to show that the county attorney received permission to file this "Supplemental Amended Information"; nothing to show the plea entered by the defendant, and whether or not he objected to this amendment at this or any other time, and there is not shown a demurrer to the information. In fact, the record does not reveal that there was an arraignment.

The court properly instructed the jury. There were no exceptions or objections shown to any of the instructions, and no instructions were offered by the defendant.

The jury returned a verdict of guilty on the charge of burglary in the second degree, and the court then instructed them on the second offense issue. The jury subsequently returned another verdict, fixing the punishment at ten years in the penitentiary. Motion for new trial filed September 11, 1962 was overruled, and judgment and sentence entered in keeping with the verdicts on September 13, 1962.

Defendant's charge number five is as follows:

"That the trial court erred in allowing the State to file a so-called Supplemental Amended Information in this case setting forth previous convictions and raising the grade of the crime and amount of punishment. That the original information was filed on February 6th, 1962. And the Supplemental Amended Information was filed on August 17, 1962, without permission of the court and without the permission of

the defendant. That no new preliminary hearing was given the defendant and defendant did not waive a preliminary hearing on the new charge."

It appears that the defendant was represented in the trial of his case by Frank Limerick, who filed a motion for new trial on September 11, 1962 and was paid $100 for his services by the County. At the time the "Order on hearing of motion for new trial and notice of appeal" was entered, the attorney now representing this defendant appeared in his behalf.

■ Our statutes specifically provide for an arraignment (22 O.S.1961 §§ 451–468) and direct what should be done upon arraignment, and thereby show why an arraignment is required. While the record in this case is silent as to whether or not the defendant was actually arraigned, it does appear from the record that upon his trial the defendant was represented by counsel; that he participated in the selection of the jury; that testimony was offered by the State and the instructions of the court which are made a part of the record by statute, state that the defendant pleaded not guilty. The record also shows that in the motion for new trial no objection was presented upon the ground that the defendant was not arraigned. There is nothing to show that he raised this question when called to the bar to have sentence pronounced against him and when asked by the court if he had any legal cause to show why judgment and sentence should not be pronounced against him he gave no good reason in bar thereof. He presents the alleged want of arraignment on the amended information for the first time in this Court.

The supplemental amended information was filed on August 17, 1962, twenty-six days before the trial of this case.

We are of the opinion that where the record shows that a defendant appeared in court, represented by counsel, and announced ready for trial, participated in the selection of the jury and the issues were made up and properly submitted to the jury, it is too late for him after conviction and on appeal to claim that he was not arraigned on the supplemental amended information.

In the early case of Wood v. State, 4 Okl.Cr. 436, 112 P. 11, 45 L.R.A.,N.S., 673, Judge Furman went into this matter thoroughly, and quoted the Ency. of Plead. & Prac., vol. 2, p. 791, par. 3, as follows:

"By proceeding to trial without objection the defendant precludes himself from taking advantage of a failure of the record to show an arraignment or plea."

■ It is the well-established doctrine of this State that where a constitutional right in a criminal cause is largely for the benefit of the accused, or in the nature of a personal privilege, the accused may waive such right. The rule is well settled that a defendant by silence may waive the benefit of a statutory provision, and announcing ready for trial and going to trial without objection waives arraignment and plea. Brown v. State, 33 Okl.Cr. 217, 242 P. 1065; Scroggins v. State, 91 Okl.Cr. 428, 219 P.2d 636, and cases cited.

In light of the facts before us, and the prior decisions of this Court, the contention of the defendant herein that he was entitled to a preliminary hearing on the supplemental amended information is without merit.

The sixth contention is that the supplemental amended information does not charge a crime, but only sets forth other convictions had by the defendant.

■ This would be true if the supplemental amended information were not considered as a part of the original information. However, had the defendant or his counsel felt that this was fundamental error, they should have raised the question prior to announcing ready for trial, rather than waiting until now to raise the question to this Court.

■ It is not error alone that reverses judgments of conviction of crime in this State, but error plus injury, and the bur-

den is upon the plaintiff in error to establish to the satisfaction of this Court the fact that he was prejudiced in his substantial rights by the commission of error. Murphy v. State, 72 Okl.Cr. 1, 112 P.2d 438. Therefore the sixth contention of the defendant is without merit.

The seventh contention is that the supplemental amended information was a part of the record and the jury, had access to the same and defendant was tried on his previous convictions as well as the charge contained in the original information.

So far as the record shows, the trial court followed the directions of this Court as laid down by Judge Nix in Harris v. State, Okl.Cr., 369 P.2d 187, in submitting the issues to the jury, and we find no error therein.

We have carefully examined this transcript, and finding no fundamental error, the judgment and sentence of the district court of Caddo County is affirmed

BUSSEY, P. J., and NIX, J., concur.