**Hollis W. JUSTICE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–18005.**

Court of Criminal Appeals of Oklahoma.

Aug. 1, 1973.

Rehearing Denied Aug. 15, 1973.

Charles V. Foor, McAlester, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Hollis W. Justice, hereinafter referred to as defendant, was charged, tried and convicted along with his co-defendant, Sally Marie Rhyne, in the District Court of Pittsburg County, Case No. F-72-56, for the offense of Possession of Dangerous Drugs in State Penal Institution, his punishment was fixed at five (5) years imprisonment and a fine of one thousand dollars ($1,000) and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial Gordon Wright, Chief Security Officer of the Oklahoma State Penitentiary, testified that on the 12th day of April 1972 at approximately 7:07 a.m. he entered the classification office of the penitentiary where the co-defendant Rhyne was employed as a civilian employee. He observed co-defendant Rhyne hand a plastic bag to the defendant. Co-defendant Rhyne's purse was open. Defendant took the bag and placed it on the bottom shelf of a file cabinet, concealing it with a peanut can. He walked to Mr. Gossett's office and directed Pete Douglas to come and retrieve whatever the defendant had placed in the file cabinet. Douglas reached into the file cabinet and pulled out a plastic bag containing various pills. Co-defendant Rhyne said that she had to go to the bathroom and left, taking her purse with her. He identified State's Exhibit 7 as the plastic bag handed him by Pete Douglas. The bag was subsequently delivered to Officers Coop and Orr.

Peter Douglas, Classification Officer of the Oklahoma State Penitentiary, testified that on the morning in question he was sitting in Mr. Gossett's office having coffee when Mr. Wright called him to come to the middle of the classification office. At Wright's direction, he reached into a file cabinet and found a plastic bag containing a variety of pills. He testified that he had to move a Planter's Peanut can in order to reach the plastic bag. Approximately thirty minutes later he searched the restroom and found in the wastepaper basket a baggie containing two pills similar to those he found earlier. He turned the baggie over to Officers Coop and Orr.

The party stipulated that the exhibits were subsequently delivered to Don Flynt.

Don Flynt testified that he was a chemist with the Oklahoma State Bureau of Investigation. He performed a chemical analysis of the contents of the bags and found that they contained amphetamines and barbiturates.

Don Wallach, an agent with the Oklahoma State Bureau of Investigation, testified that on April 13, 1972, he interrogated co-defendant Rhyne at the Tulsa Police

Department. He advised her of her constitutional rights and after ascertaining that she understood the same, took a signed statement from the co-defendant. Miss Rhyne admitted that she took the pills into the penitentiary and gave them to the defendant.

Officer McMillan's testimony did not differ substantially from the testimony of Agent Wallach.

Defendant Justice did not testify in his own behalf nor was any evidence offered in his behalf.

■ The first proposition asserts that the trial court did not have jurisdiction to try the defendant. Defendant argues that he was not arraigned before the court which tried and convicted him. The record reflects that the defendant appeared pro se throughout the preliminary stages at his own request and that the trial court on its own motion appointed counsel to protect defendant's procedural rights and to advise him during the course of trial. On the date of trial, defendant, with counsel, announced ready and proceeded to trial. Defendant did not object to proceeding further on the grounds that he had not been arraigned until after the State had made an opening statement and had adduced a testimony of several witnesses. In overruling defendant's motion to dismiss, the trial court stated:

"COURT: On the ground that the record affirmatively show the defendant was arraigned in District Court and on the further ground that counsel both pro se and Court appointed agreed to the commencement and selection of the jury and has conducted the trial thus far, even though it isn't required that double arraignments be had—

"REPORTER: Would you speak louder Judge?

"COURT: Yes, ma'am. The motion is overruled for the reason that counsel has affirmatively shown that arraignment had taken place on the 13th, and for the further reason that even one had not been so had, that it was waived by the agreeing of the commencement and selection of the jury and the cross examination of witnesses, and the conducting of the trial thus far."

We concur with the trial court's ruling. In Hutchinson v. State, Okl.Cr., 278 P.2d 858, we stated:

"The Supreme Court of Oklahoma, prior to the establishment of this Court, held in Shivers v. Territory, 13 Okl. 466, 74 P. 899, that a defendant who is present may, on arraignment, waive the formal reading of the indictment and enter his plea. And in Fuller v. State, 70 Okl.Cr. 408, 106 P.2d 832, 833, we said:

'The accused in a felony case is always entitled to an arraignment and plea before his trial; however, this is one of the rights of the defendant which may be waived by him.

'Where the defendant announces ready and proceeds to trial without objection, he thereby waives his right to an arraignment and plea.'

"See also Scroggins v. State, 91 Okl.Cr. 428, 219 P.2d 636; Gardner v. United States, 5 Ind.Ter. 150, 82 S.W. 704; Hast v. Territory, 5 Okl.Cr. 162, 114 P. 261; Spencer v. State, 5 Okl.Cr. 7, 113 P. 224; People v. Sprague, 53 Cal. 491."

■ The second proposition contends that the trial court erred in not granting a mistrial at the conclusion of the State's evidence as to Hollis W. Justice when a purported confession was introduced into testimony by a co-defendant implicating defendant Justice. Defendant cites as authority Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, wherein the United States Supreme Court held that it was prejudicial error to admit a co-defendant's confession that implicating defendant at a joint trial, even though the trial court gave instructions that confession could only be used against co-defendant.

Although we are of the opinion that the trial court should have granted a severance, but because of the overwhelming evidence of defendant's guilt that the same does not constitute fundamental error. In Schneble v. Florida, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340, the court stated:

> "Having concluded that petitioner's confession was considered by the jury, we must determine on the basis of 'our own reading of the record and on what seems to us to have been the probable impact . . . on the minds of an average jury,' Harrington v. California, supra, 395 U.S. 250, at 254, 89 S.Ct. 1726, at 1728, 23 L.Ed.2d 284, at 288, whether Snell's admissions were sufficiently prejudicial to petitioner so as to require reversal. In Bruton, the Court pointed out that '[a] defendant is entitled to a fair trial but not a perfect one.' 391 U.S. at 135, 88 S.Ct. 1620, at 1627, 20 L.Ed.2d at 484, quoting Lutwak v. United States, 344 U.S. 604, 619, 73 S.Ct. 481, 490, 97 L.Ed. 593, 604 (1953). Thus, unless there is a reasonable possibility that the improperly admitted evidence contributed to the conviction, reversal is not required. See Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705, 710, 24 A.L.R.3d 1065 (1967). In this case, we conclude that the 'minds of an average jury' would not have found the State's case significantly less persuasive had the testimony as to Snell's admission been excluded. The admission into evidence of these statements, therefore, was at most harmless error."

We are of the opinion that the "minds of an average jury" would not have found the State's case "significantly less persuasive" had the testimony as to co-defendant's Rhyne's admission been excluded. The undisputed evidence adduced that the defendant was in possession of dangerous drugs in a state penal institution.

Defendant's third and fourth proposition reasserts that the trial court was without jurisdiction in that the defendant had not been arraigned. For the reasons set forth in proposition one, we are of the opinion that these propositions are likewise without merit.

The judgment and sentence is affirmed.

BLISS, P. J., and BRETT, J., concur.