Leon William **HENDERSON**, Appellant,

v.

**STATE of Oklahoma**, Appellee.

No. M–85–39.

Court of Criminal Appeals of Oklahoma.

Sept. 23, 1987.

Terry J. Hull, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Leon William Henderson, appellant, was tried by jury for Attempted Escape from the County Jail [21 O.S.1981, § 436], in Case No. CRM–83–580, in the District Court of Grady County, the Honorable Oteka L. Alford, Associate District Judge, presiding. The jury returned a verdict of guilty and assessed punishment at one (1) year confinement in the county jail. Judgment and sentence was imposed in accordance with the jury's verdict. We affirm.

On April 24, 1982, the appellant tried to escape from the Grady County Jail while awaiting trial for kidnapping and armed robbery. The appellant assisted three other prisoners in overpowering the jailor. When the jailor broke free and tried to radio for help from his office, the appellant pulled the jailor out of the office. The jail cook tackled the appellant, and the jailor and the cook subdued him. The other three prisoners successfully escaped from the county jail.

The State charged the appellant by information with attempted escape in CRM–820–494 on April 27, 1982. The charge was

dismissed by the State after the appellant was convicted of kidnapping and armed robbery. *See Henderson v. State*, 695 P.2d 879 (Okl.Cr.1985).

The State refiled the attempted escape charge by information in CRM–83–580 on May 13, 1983. The State did not, however, serve the appellant with a warrant in the McAlester State Penitentiary until February 9, 1984. The appellant filed a motion for a speedy trial or dismissal of the charge on April 24, 1984. The Grady County jury docket had already been set for May and no jury trials were held during the months of June, July and August. The first available jury docket was the September docket. On May 24, 1984, the appellant filed a demurrer to CRM–83–580. The appellant appeared pro se at the August 31 Grady County disposition docket and counsel was appointed. Trial was set for September 17, 1984.

The appellant filed applications for Writ of Habeas Corpus Ad Testificandum on September 13, 1984, to compel the appearance of six prisoners on his behalf. A hearing was held on September 14, 1984, at which time the trial court overruled the applications for failure to show materiality and necessity. The appellant's motions for a speedy trial and for dismissal of the charge were set to be heard at a later date because the State had not been served with a copy of the motions prior to the hearing.

The motions for a speedy trial and to dismiss were heard on September 17, 1984, at which time the trial court overruled the motion to dismiss but granted the motion for a speedy trial. The trial was held on the same day.

After evidence was presented and both sides rested, the appellant informed his counsel that he had not been arraigned in person or entered a plea to the charge. In an *in camera* hearing, the appellant refused to enter a plea and the court entered a plea of not guilty for him. The jury was then instructed and returned a verdict of guilty.

 For his first assignment of error, the appellant asserts that he was denied his constitutional right to a speedy trial under Art. II, §§ 6, 20, of the Oklahoma Constitution and the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, and that it was error for the trial court to refuse to dismiss the proceedings against him.

Initially, we note that there is no connection between the appellant's incarceration while awaiting trial and the charge of attempted escape. The appellant was independently imprisoned for kidnapping and armed robbery. His incarceration would not have been affected by a speedy acquittal on the attempted escape charge. *See Jefferson v. United States*, 382 A.2d 1030, 1032 (D.C.Cir.1978).

*Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), requires us to apply a balancing test on an *ad hoc* basis in approaching speedy trial cases. The four factors we weigh in the balancing test are: (1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of his rights, and (4) the prejudice to the defendant. *Id.* at 530, 92 S.Ct. at 2192.

The appellant's trial was delayed for sixteen months from the time of the refiling of the information until his trial. This length of delay necessitates inquiry into the remaining factors set out in *Barker*. *Henager v. State*, 716 P.2d 669, 674 (Okl. Cr.1986).

The reason for the delay was partially because of administrative neglect. The delay was also partially due to the fact that no jury trials were available for the four months subsequent to the appellant's demand for a speedy trial. There is no evidence that the prosecution acted in bad faith or deliberately delayed commencement of the trial. *Id.*

The appellant asserted his right to a speedy trial, thus satisfying the third factor of the *Barker* test, although one who is incarcerated need not demand a speedy trial. The law makes that demand for him. *Id.*

Lastly, the final factor to be considered under *Barker* is the prejudice to the appellant as a result of the delay. The appellant was legally incarcerated while the attempt-

ed escape charge was pending. This incarceration broke the nexus between delay and prejudice. *Jefferson, supra* 382 A.2d at 1032. The delay did not cause any serious interference with the appellant's liberty. Nor did the delay cause appellant any disruption of employment, drain his financial resources, or curtail his associations. *Gilbreath v. State*, 651 P.2d 699, 702 (Okl. Cr.1982). Furthermore, we are unable to find that the appellant's defense was impaired by the delay.

The appellant has failed to show how he was prejudiced, and, using the *Barker* balancing test, we find the appellant was not denied his right to a speedy trial. This assignment of error is without merit.

■■■ For his second assignment of error, the appellant asserts that he was denied his right to compulsory process and his right to a fair trial under Art. II, § 20, of the Oklahoma Constitution and the Sixth Amendment of the United States Constitution by denial of his Writ of Habeas Corpus Ad Testificandum.

The appellant filed Writs to compel the production of six inmates to testify on his behalf. *See* 22 O.S.1981 § 1151. Three of these witnesses were the prisoners who escaped from the Grady County jail at the time the appellant attempted his escape. The three witnesses who successfully escaped had not been tried for escape and the statute of limitations had not run on these offenses. *See* 22 O.S.1981, § 152. The other three witnesses were apparently incarcerated in the Grady County jail at the time of the break. The appellant made a judicial admission on direct examination at his previous trial that he had not planned to escape, but when the opportunity arose he took it. This testimony was revealed to the court. *See* 12 O.S.1981, §§ 2402, 2801(4)(a).

When an accused seeks to compel the production of prisoners as witnesses by way of a Writ of Habeas Corpus Ad Testificandum, the petitioner bears the burden of furnishing strict proof of the materiality of the testimony and of the necessity of the attendance of the prisoners as witnesses before the court may order the issuance of the writ. *Goodson v. State*, 564 P.2d 260, 262 (Okl.Cr.1977), *cert. denied*, 434 U.S. 863, 98 S.Ct. 193, 54 L.Ed.2d 137 (1977). The trial court's ruling will not be disturbed on appeal absent an abuse of discretion. *Id.*

Additionally, the appellant did not have the right to compel the testimony of the three witnesses who still had escape charges pending against them when that testimony could violate their rights against self-incrimination. *Sherrick v. State*, 725 P.2d 1278, 1282 (Okl.Cr.1986), *cert. denied*, — U.S. —, 107 S.Ct. 935, 93 L.Ed.2d 986 (1987).

We find the appellant has failed to show that the trial court's ruling constituted an abuse of discretion. This assignment of error is without merit.

■■■ For his third and final assignment of error, the appellant claims his procedural due process rights were violated because he was neither arraigned nor entered a plea prior to trial. The record is silent whether the appellant was arraigned in person on the charge of attempted escape, or whether he entered a plea to the charge prior to trial. But the record is clear that the appellant twice announced ready for trial, was represented by court appointed counsel, and waited until after the jury had been impaneled and evidence presented before informing either his attorney or the court of the irregularities.

Irregularities in arraignment are not jurisdictional. *Hutchinson v. State*, 278 P.2d 858, 859 (Okl.Cr.1955). The appellant freely admits it is the rule that when the accused announces ready for trial and proceeds to trial without objecting to arraignment irregularities, he waives his right to an arraignment and plea. *Justice v. State*, 512 P.2d 1389, 1391 (Okl.Cr.1973). *See also Scoggins v. State*, 91 Okl.Cr. 428, 219 P.2d 636, 637 (1950). This assignment of error is without merit.

For the foregoing reasons, the judgment and sentence should be, and hereby is, AFFIRMED.

BRETT, P.J., concurs.

BUSSEY, J., concurs.