### Ex parte LENEAVE.

No. A-11254. Oct. 12, 1949.

(210 P. 2d 678.)

Morris Leneave, pro se.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for respondent.

JONES, P. J. By this original action in habeas corpus, the petitioner, Morris Leneave, seeks to secure his discharge from imprisonment in the State Penitentiary.

In the verified petition he alleges that he was charged in the superior court of Okmulgee county by information with the crime of larceny of domestic animals and entered a plea of not guilty; that on March 4, 1949, he was transported to the Oklahoma State Penitentiary and committed to said institution to serve a term of three years' imprisonment; that the judgment and sentence under which the petitioner was committed to the penitentiary recites that he entered a plea of not guilty, was tried to a jury of twelve men who returned a verdict of guilty; that a motion for new trial was overruled and the prisoner sentenced to serve three years' imprisonment in the penitentiary; that the recitals in said judgment and sentence were false and that said instrument is a manufactured document and that he never at any time had a trial; that his imprisonment is therefore illegal.

A rule to show cause was issued and the response of the warden alleges that the petitioner entered his plea of guilty to the charge of larceny of domestic animals and was sentenced to serve a term of three years' imprisonment in the State Penitentiary. The respondent admitted that the original judgment and sentence under which the petitioner was committed to the penitentiary made the recitals as alleged in the petition, but further alleges that said judgment and sentence was on a printed form and

that after the recital of such judgment and sentence was called to the attention of the county attorney, he made an application for an order nunc pro tunc for the purpose of correcting said judgment and sentence to speak the truth and to show that the petitioner was sentenced on a plea of guilty and not sentenced after trial and conviction by a jury; that the judge of the superior court of Okmulgee county, on August 1, 1949, entered its order nunc pro tunc correcting the judgment and sentence so as to recite that sentence was pronounced after the defendant had pleaded guilty to the charge contained in the information and was sentenced to serve three years' imprisonment in the penitentiary. A certified copy of the application of the county attorney for the order nunc pro tunc and a certified copy of the nunc pro tunc order were attached to the response and made a part thereof.

The petitioner admits that he entered a plea of guilty but contended that the court was without jurisdiction to enter the nunc pro tunc order correcting its original judgment and sentence and that since the judgment and sentence under which he was committed contains false recitals that he was tried and convicted, the judgment should be vacated and set aside.

In the recent case of Ex parte Pruitt, 89 Okla. Cr. 312, 207 P. 2d 337, 338, this court held:

"A criminal case is pending in the sense that a court may correct its record until the judgment is fully satisfied.

"The validity of a judgment cannot be avoided because the clerk failed to perform his ministerial duties in making up the record; and where, through the negligence or omission of the clerk, the judgment recorded is defective or incomplete, the court may at anytime, upon a proper showing, require the clerk to make the record conform to the facts nunc pro tunc."

In the body of the opinion in that case, the power of the court to enter judgments and orders nunc pro tunc was discussed at length and the conclusion reached is contrary to the contention of the petitioner.

It is apparent that the petitioner is legally restrained of his liberty in the penitentiary and the writ of habeas corpus is denied.

BRETT and POWELL, JJ., concur.