Ex parte HACKETT.

No. A-11449. Nov. 29, 1950.

(225 P. 2d 184.)

Elijah L. Hackett, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, J.   This is an original action in habeas corpus brought by petitioner, Elijah L. Hackett.   In his petition he alleges that he is being unlawfully restrained of his liberty by C. P Burford, warden of the State Penitentiary.   In his petition he alleges the cause of his restraint is a certain judgment and commitment entered against him in the district court of Oklahoma county, Oklahoma, on the 5th day of May, 1938, on a charge of murder in case No. 12093.

He contends said restraint is unlawful for two reasons.   First, because he did not waive and was denied the aid of counsel at the time of arraignment on said charge.   Second, because he was denied a fair and impartial trial by a jury truly representing the county and district wherein the crime was supposed to have been committed.   (The latter ground is predicated upon the fact that there were no negroes on the jury panel during the term in which he was tried.)   It appears from the petition and the transcript of the record attached thereto, that the petitioner was charged by information with the shooting of one Forest Burns with a sawed-off shotgun on February 27, 1938, resulting in Burn's instant death. The defendant complains that on March 12, 1938, he was arraigned in the district court of Oklahoma county before Honorable Clarence Mills without the assistance of counsel, at which time he entered a plea of not guilty. It further appears that on March 21, 1938, Judge Ben

Arnold, then district judge, appointed as counsel for the defendant, F. E. Sides, who represented the defendant thereafter at the trial and until after the motion for new trial was overruled. Moreover, it appears that on April 4, 1938, the case came on for trial. The defendant was present in person and by counsel, and announced ready for trial, raising no objection by motion or otherwise to any proceedings had prior thereto. Substantially this same question was raised in Ex parte Critser, 87 Okla. Cr. 380, 198 P. 2d 228. Therein, though counsel had been appointed for Critser, he entered his plea of not guilty on arraignment, without counsel being present. When the case came to trial he was represented by counsel and he announced ready and proceeded to trial. We held therein that the announcement of ready for trial constituted a waiver of arraignment and plea or any irregularity therein, citing Huffman v. State, 46 Okla. Cr. 377, 287 P. 1090, 1091, wherein it was said:

"The record discloses that defendant announced ready for trial, and even if the manner of taking the plea was irregular, it was waived by such announcement. Ray v. State, 40 Okla. Cr. 413, 269 P. 509."

This contention is wholly without merit.

The defendant's second proposition is likewise without merit. This court has repeatedly held that the manner of selecting and impaneling a jury is not a matter that can be inquired into in an action in habeas corpus. In re Wilkins, 7 Okla. Cr. 422, 115 P. 1118, it was said:

"Irregularities in the impaneling of a trial jury do not affect the jurisdiction of the court so as to justify release by habeas corpus of a person so convicted".

In the body of the opinion, quoting from In re Mc-Naught, 1 Okla. Cr. 528, 99 P. 241, the court said:

" 'The manner and method of selecting the trial jury is not a question that can be reviewed in a habeas corpus proceeding. * * * Disobeying the law, or a failure to comply with the provisions of the law governing the selection of a petit jury, does not so affect the jurisdiction of the court as to justify the release by habeas corpus of a person convicted upon a trial had by a jury so illegally selected. It is unnecessary for us to consider whether the jury was properly or illegally impaneled, as it is a matter that does not go to the jurisdiction of the court.' "

See, also, 39 C.J.S., Habeas Corpus, § 29, subsection K, page 520, Note 58, wherein it is said:

"Habeas corpus will not lie because of error or irregularities in drawing, summoning, or impaneling the jury".

To the same effect is 29 C.J., page 48, § 39, Note 77. It clearly appears that under the law that this is a question that we are not permitted to inquire into in habeas corpus. It should have been raised by motion objecting to the panel before the trial, and to quash the same, and if relief was denied thereon then the question should have been raised on appeal. The conditions under which such question would have been valid on appeal are discussed in Dixon v. State, 89 Okla. Cr. 205, 206 P. 2d 231. In this connection we have repeatedly held that habeas corpus may not serve as a substitute for an appeal. Ex parte Critser, supra; Tilghman v. Burns, 91 Okla. Cr.. 359, 219 P. 2d 263; Ex parte Williams, 90 Okla. Cr. 150, 211 P. 2d 542; Ex parte Sessions, 90 Okla. Cr. 47, 210 P. 2d 185; Ex parte Bibbins, 89 Okla. Cr. 196, 206 P. 2d 242, 243, wherein we quoted from Ex parte Whitson, 70 Okla. Cr. 79, 104 P. 2d 980, as follows:

" 'It is elementary law that in habeas corpus proceedings jurisdictional questions only are reviewable or to be considered. The writ cannot be invoked for the pur-

pose of reviewing the acts of courts of record, where they acted within their jurisdiction, nor for the purpose of correcting irregularities or errors, or as a substitute for an appeal.' "

Moreover, habeas corpus is limited to cases wherein the judgment and sentence are clearly void. Ex parte Critser, supra, and authorities therein cited. And where the judgment and sentence is not void on its face habeas corpus will be denied. Ex parte Leneave, 90 Okla. Cr. 105, 210 P. 2d 678. The judgment and sentence is not void on its face in the case at bar. Herein the trial court had jurisdiction of the defendant's person, jurisdiction of the subject matter, and authority under the law to pronounce the judgment and sentence to which the writ of habeas corpus is limited. See Ex parte Bibbins, supra, and authorities cited therein. It is apparent that the facts alleged in the petition herein are insufficient upon which to grant the writ, and the same is accordingly denied.

JONES, P. J., and POWELL, J., concur.