## Ex parte FAULKENBERRY.

No. A-11719. April 23, 1952.

Rehearing Denied May 14, 1952.

(244 P. 2d 324.)

King & Wadlington, Ada, for petitioner.

Mac Q. Williamson, Atty. Gen., and James P. Garrett, Asst. Atty. Gen., for respondent.

BRETT, P. J.  This is an original verified petition in habeas corpus with copy of information, trial court minutes, judgment and sentence, etc., attached, brought by Vernon Faulkenberry, petitioner, wherein he alleges that he is being unlawfully restrained of his liberty in the State Penitentiary, at McAlester, Oklahoma, by Honorable Jerome J. Waters, warden thereof.  He complains said restraint is by reason of a certain judgment and sentence of 3 years in the penitentiary rendered against him in the district court of Pontotoc county for the crime of burglary in the second degree, allegedly committed on June 23, 1949. The judgment and sentence he complains of was entered on March 6, 1951, said judgment directing that the sentence be suspended during good behavior. He . further alleges that the aforesaid order of suspension of said sentence was revoked on December 5, 1951, and the petitioner was delivered to the Warden for imprisonment in the penitentiary on the 14th day of February 1952.

The petitioner contends that said judgment and sentence rendered against him was void.  As a foundation for said contention he alleges the complaint was filed against him on June 24, 1949, that he waived preliminary hearing and was released on bail.  Thereafter an information was filed against him on July 25, 1949 to which he entered a plea of not guilty and was released on bail. The petitioner further contends on November 3, 1949 he withdrew his plea of not guilty and entered a plea of guilty, at which time he was released on bail for his appearance for judgment and sentence on November 12, 1949.  He alleges on said last date judgment and sentence was not imposed and was not postponed or continued to any definite time thereafter.  The record is silent as to any appearance by the petitioner or his counsel on said date, or any action of any sort in said cause.  However he says that on March 6, 1951, after several terms of court had passed, judgment and sentence was entered which judgment and sentence does not show on its face for what term the petitioner was to be confined in the penitentiary.  The court minutes show the petitioner herein was sentenced therein to a term of three years in the penitentiary.  Thereafter and on December 15, 1951 a revocation of the suspension of said judgment and sentence was entered on application of the county attorney.  Petitioner alleges that this said revocation was made and entered arbitrarily and without notice of hearing to him.  On these allegations the petitioner contends that the judgment and sentence is void for the reason it does not show for what term the petitioner was sentenced.  Further he contends the court lost jurisdiction to impose sentence when it failed to fix a time for judgment and sentence or con-

tinue the same to a definite date on November 12, 1949 and in allowing one year and 5 months to elapse before entry of the judgment and sentence. Finally, he contends the revocation being without notice and of hearing to him is void.

To the petition the state made response in the form of a general denial, and in addition thereto plead that the judgment and sentence imposed on March 6, 1951 was corrected by an order nunc pro tunc, thereto attached, showing therein that the sentence imposed was for a term of three years. The order nunc pro tunc was obtained after notice and without objection by the petitioner Vernon Faulkenberry, and his attorneys of record King and Wadlington. The order nunc pro tunc was the proper procedure to make the judgment and sentence speak the truth. Ex parte Pruitt, 89 Okla. Cr. 312, 207 P. 2d 337; Dunn v. State, 18 Okla. Cr. 493, 196 P. 739. The court minutes show the defendant was actually sentenced to three years, and we have held that in a habeas corpus proceeding the court minutes should be given great weight where a disputed question arises as to what occurred in the trial court. Ex parte Hampton, 87 Okla. Cr. 416, 198 P. 2d 751, 752, and cases therein cited. Also Ex parte Hunt, 93 Okla. Cr. 106, 225 P. 2d 193; Ex parte McCombs, 94 Okla. Cr. 270, 234 P. 2d 953. Such being the case the judgment and sentence thus corrected is neither voidable nor void. The state further plead in said response that at no time did the petitioner make any objection either to the delay of the trial court in imposing sentence or to imposition of sentence, at the time sentence was imposed against him. The state contends any objections to sentence were waived and the trial court did not lose jurisdiction, and the imposition of sentence not being an inalienable right the defendant could waive the same. It has been held by this court that inalienable rights in which the public has no interest are the subject of waiver. Coffe v. State, 59 Okla. Cr. 121, 56 P. 2d 1194, wherein it was said:

"A defendant in a criminal case may waive any right not inalienable, given him by the Constitution or by the statute, either by express agreement or conduct, or by such failure to insist upon it in seasonable time as will operate as an estoppel to his afterwards setting it up against the state."

See, also, Kennamer v. State, 59 Okla. Cr. 146, 57 P. 2d 646, to the same effect. Under the conditions herewith presented objections to the sentence now in effect comes altogether too late. In Boykin v. State, 86 Okla. Cr. 175, 190 P. 2d 471, this court said:

"The only statutory provision pertaining to the time within which the judgment and sentence must be pronounced after a verdict of guilty, is that it cannot be pronounced for at least two days after the verdict (22 O. S. 1941 § 962). This provision of the statute is intended to fix the minimum and not the maximum limit for the pronouncement of judgment. It is intended to prevent hasty and ill considered judgments, and to give the defendant time for such further proceedings as may be deemed necessary to protect his rights, including the right to file a motion for new trial or in arrest of judgment.

"The general rule is that where there is a valid conviction, the power of the court is not exhausted nor its duty completed until sentence is pronounced, and the cause remains pending, and stands continued with the unfinished business from term to term.

"Where court obtains jurisdiction of defendant and of offense, decision of all other questions arising in case is but exercise of court's jurisdiction.

"Trial court may delay pronouncement of judgment for purpose of determining motion for new trial or in arrest of judgment or for other causes.

"Where court fixes definite time for pronouncing judgment and sentence, but record shows that judgment and sentence were not pronounced on day set, and

is silent as to what was done, presumption exists that sufficient cause appeared to court for not pronouncing judgment at that time.

"Where court fixes definite time for pronouncing judgment and sentence, but neither defendant nor his counsel appear on date set, the failure of either counsel or defendant to appear on such date constitutes sufficient cause for not pronouncing judgment at that time.

" * * * in the absence of a statute requiring sentence to be pronounced at a certain time, trial court did not lose jurisdiction to set motion for new trial for hearing and to pronounce judgment and sentence several terms later where record discloses that defendant, at large on bail, did not demand that court determine motion at an earlier date, and no showing is made that defendant has been prejudiced by the unusual delay in the pronouncement of the judgment and sentence."

The foregoing case is controlling as to this contention.

Finally as to the petitioner's contention that the revocation was arbitrary and without notice the record shows that a motion was filed by the county attorney on December 7, 1951, and an order granting the same was entered on December 15, 1951. It does not appear that notice was given to the defendant or his counsel. Such notice however was not necessary. In Ex parte Boyd, 73 Okla. Cr. 441, 122 P. 2d 162, 163, we said:

"The revocation of a suspended sentence is a matter addressed to the sound judicial discretion of trial judge, and the hearing in connection therewith may be of a summary character.

"In habeas corpus proceeding by accused, alleging trial court revoked suspended sentence without due process of law, the question for determination is whether there has been an abuse of discretion by trial court, and is to be determined in accordance with familiar principles governing the exercise of judicial discretion. That exercise implies conscientious judgment, not arbitrary action."

Nothing contrary to these principles appears in this record.

It appears the trial court herein had jurisdiction of the person, jurisdiction of the subject matter, and authority under the law to pronounce the judgment and sentence rendered. Nothing more was needed to the rendition of a valid judgment. Ex parte Critser, 87 Okla. Cr. 380, 198 P. 2d 228; Ex parte Hackett, 93 Okla. Cr. 82, 225 P. 2d 184, and cases therein cited. For all the above and foregoing reasons the petition for habeas corpus is accordingly denied.

JONES and POWELL, JJ., concur.