### In re Habeas Corpus of Richard JOHNSON, Petitioner.

### H. C. McLeod, Acting Warden, Oklahoma State Penitentiary, Respondent.
### No. A–12199.

Criminal Court of Appeals of Oklahoma.
Oct. 12, 1955.

Richard Johnson, McAlester, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., for respondent.

POWELL, Judge.

Petitioner, Richard Johnson, is an inmate of the State Penitentiary at McAlester. He has filed in this court a petition praying that a writ of habeas corpus be issued releasing him from such imprisonment.

As grounds for the writ, petitioner alleges that his confinement is the result of a judgment entered against him by the district court of Tulsa County, in case No. 13,170, wherein he was sentenced on a plea of guilty to robbery with firearms, conjoint robbery, to 25 years in the State Penitentiary, said sentence being contrary to Art. II, §§ 7 and 20 of the Oklahoma Constitution, and the Fourteenth Amendment to the Constitution of the United States.

In support of such allegations it is further stated that his plea of guilty resulted from false evidence and physical and mental duress used by the prosecuting authorities. That he was without sufficient funds to employ competent counsel, and while it is not specifically alleged that counsel furnished by the State was incompetent, that is implied from the allegations.

It is alleged that the information was void, but in what respect is not stated, and a certified copy of the information was not attached to the petition. Certified copy of the judgment complained of is not attached to the petition, as alleged. The burden was on petitioner to sustain the al-

legations of his petition. Ex parte Hunt, 93 Okl.Cr. 106, 225 P.2d 193.

The State has filed a response and attached to the response is a certified and photostatic copy of the judgment in case No. 13,170, in the district court of Tulsa County, and it appears that defendant was delivered to the warden of the State Penitentiary to commence serving his sentence on May 8, 1948. The judgment and sentence is regular on its face.

▉ No facts are set out with names of persons, dates, etc., to show that defendant was mistreated or beaten, or that he was without benefit of counsel, or was denied any constitutional right. The petition is wholly lacking in allegation of facts that would justify his release from the penitentiary by reason of the judgment and sentence complained of. It is apparent that the court had jurisdiction of the person of the petitioner, and of the subject matter.

▉ We have often pointed out that the writ of habeas corpus is limited to cases wherein the judgment and sentence are clearly void. And we have further said that where the trial court has jurisdiction of the defendant's person, jurisdiction of

the subject matter, and authority under the law to pronounce the judgment and sentence, the writ of habeas corpus will be denied. Ex parte Hackett, 93 Okl.Cr. 82, 225 P.2d 184.

From the response of the State it appears that not only did the petitioner enter a plea of guilty in case No. 13,170 on May 8, 1948, but entered a plea of guilty in three other felony cases on the same day, and that the court ordered that the sentences entered run concurrently with the sentence in case No. 12,170. Case No. 13,171 was for stealing an automobile with sentence of seven years; case No. 13,172 was also for robbery with firearms, conjoint robbery, with sentence of 25 years; and case No. 13,129 was also for robbery with firearms, conjoint robbery, with sentence of 25 years.

▉ This court has held that where petitioner stands committed on unsatisfied judgments other than the one upon which he is seeking his release on habeas corpus, the writ of habeas corpus will be denied. In re Baldridge, 93 Okl.Cr. 1, 224 P.2d 608.

The petition for writ of habeas corpus is denied.

JONES, P. J., and BRETT, J., concur.