**In the Matter of the Habeas Corpus of
Lee THOMAS, Petitioner.**

**A–12473.**

Criminal Court of Appeals of Oklahoma.

Sept. 11, 1957.

Lee Thomas, petitioner.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for respondent.

NIX, Judge.

This is an original proceeding in habeas corpus brought by Lee Thomas, petitioner. He alleges in his verified petition that he is being unlawfully restrained of his liberty by H. C. McCleod, Warden of the State Penitentiary at McAlester, Oklahoma. Petitioner is confined in said penitentiary by virtue of judgment and sentence of the District Court of Adair County, wherein petitioner was charged with unlawful possession of intoxicating liquor, and upon a plea of guilty, sentenced to two years in the penitentiary and assessed a $50 fine. His contentions are that he was searched and property seized without benefit of search warrant, confined without warrant and was not allowed to consult with counsel before sentence. Petitioner also contends he did not enter a plea of guilty but instead said, "He didn't put the liquor in his car, but since it was found in his possession he did not know if there was anything he could do but accept the sentence."

Attached to the verified petition is a certified copy of the warrant of arrest, the information and judgment and sentence of the Court. Also, certified copy of the court minutes. The minutes of the court reflect the following:

"10–4–56. Defendant was brought before the court in open court and stated that he did not have an attorney and did not want one; that he understands the rights that court advised him of; that he was entitled to a *trial* and entitled to an attorney if he so desired; defendant stated that he did not want an attorney; whereupon in open court defendant was duly arraigned by the reading of the information by the county attorney, G. O. Grant and delivered to him a true copy of said information; whereupon defendant waives time to plea and enters a plea of guilty; it was the judgment and sentence of the court that the defendant pay a fine of $50.00 and costs of $50.90 and serve a term of two years in the state penitentiary at McAlester, Oklahoma; sentence to begin upon his delivery to warden at state penitentiary at McAlester, Oklahoma."

Petitioner's contention as to not being allowed to counsel with an attorney and not entering a plea of guilty are not supported by the minutes. This court has held that in habeas corpus proceedings the Court minutes should be given great weight where a disputed question arises as to what occurred in the trial court. Ex parte Hampton, 87 Okl.Cr. 416, 198 P.2d 751. Also, Ex parte Hunt, 93 Okl.Cr. 106, 225 P.2d 193.

In the case at bar the allegation set forth by petitioner standing alone, would not be sufficient to destroy the court's presumption that the minutes of the court were correctly recorded.

The only proof before the court is that contained in subjects verified petition. To the contrary, the state offered in evidence certified copies of the court minutes and judgment and sentence of the trial court. A careful examination of these instruments do not reveal that petitioner was denied any of his constitutional rights, but discloses that petitioner was properly advised of his rights prior to the entering of his plea. With reference to petitioner's contention that he was searched and his property seized without a warrant, we are of the opinion it was void of merit.

This court is not permitted on habeas corpus to inquire into the validity of search and seizure but must confine our deliberation and inquiry to matters of a jurisdictional nature.

This question could very easily have been raised upon motion to suppress and also on appeal, but evidently was waived by petitioner. When it appears the trial court had jurisdiction of the person, jurisdiction of the subject matter, and authority under the law to pronounce the judgment and sentence, nothing more is needed for the rendition of a valid judgment. Ex parte Hackett, 93 Okl.Cr. 82, 225 P.2d 184.

Nothing contrary to these principles appears in this record. Therefore, the petition for habeas corpus is accordingly denied.

BRETT, P. J., and POWELL, J., concur.