In the Matter of the Habeas Corpus of
Marvin L. KAISER.
No. A–12650.

Criminal Court of Appeals of Oklahoma.
Aug. 12, 1958.

John W. Tyree, Lawton, for petitioner.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for respondent.

POWELL, Judge.

On August 1, 1958 petitioner filed herein his application for a writ of habeas corpus, alleging that on June 30, 1958 a charge of robbery by force was filed against him in the justice court of Comanche County, Lawton City District 1; that on July 1, 1958 petitioner was arrested and confined in the county jail of Comanche County; that thereafter petitioner waived a preliminary hearing, and on July 3, 1958 an information was filed in the district court of Comanche County, in cause No. 3961, charging petitioner with the commission of the crime of robbery by force on June 29, 1958; that on July 10, 1958, in said cause, petitioner entered a plea of guilty and was sentenced to serve a term of five years in the State Penitentiary at McAlester, and that he is presently confined in the Oklahoma State Reformatory, Granite, Oklahoma, Joe Harp, Warden.

It was further alleged that said restraint was illegal and unauthorized for the reason that petitioner was a minor 19 years of age, and was not represented by counsel at any step of the proceedings; that petitioner was reared in a rural community near Bishop, Texas; that he had never before been arrested or had any experience of any character in any court; that he was unable to communicate with his parents or any relatives until after he was imprisoned in the State Penitentiary at McAlester; that he had no funds with which to employ an attorney, though he did briefly confer with an attorney who promised to return and discuss the case with him, but failed so to do. It is claimed that petitioner was not convicted by due process of law.

On August 4, 1958 the State was directed by this court to file response to said petition, and the case was set down for hearing for August 6, 1958, and defendant was represented by counsel and the State by the Attorney General.

Petitioner offered in evidence a certified copy of the court clerk's minutes taken at the hearing in the district court of Comanche County on July 10, 1958; also certified copy of the information filed in said court on July 3, 1958, and certified copy of judgment and sentence entered July 10, 1958. These instruments were admitted into evidence.

Defendant's age was proven by testimony of his father. Petitioner's high school principal testified as to defendant's good reputation and conduct while in high school. A number of witnesses testified and the evidence fully sustains the allegations of the petition. The State offered no evidence.

In Ex parte Cornell, 87 Okl.Cr. 2, 193 P.2d 904, 909, this court said:

"In a felony case, where the defendant is unable to employ counsel and is incapable adequately of making his own defense because of [immature youthfulness] ignorance, feeble-mindedness, illiteracy, or the like, it is the duty of the court, whether requested or not, to assign counsel for him as a necessary requisite of due process of law."

See also Ex parte Cook, 84 Okl.Cr. 404, 183 P.2d 595; Ex parte Meadows, 71 Okl. Cr. 353, 112 P.2d 419; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; In re Application of McDaniel, Okl.Cr., 302 P.2d 496, 498.

In the latter case we said:

"Where questions raised in habeas corpus petition for release from penitentiary concern denial of some of petitioner's statutory or constitutional rights in connection with arraignment and pronouncement of judgment and sentence against him, proceedings after filing of information in district court should be vacated and petitioner should be remanded to such court and proceeded against therein as if never arraigned on such information instead of being unqualifiedly discharged from incarceration."

From a consideration of the evidence and the authorities, it is the opinion of this court that the writ prayed for should be granted.

It is, therefore, ordered that the judgment and sentence of the district court of Comanche County in case No. 3961, State of Oklahoma v. Marvin L. Kaiser, et al., be and the same is hereby vacated and set aside as to the defendant Marvin L. Kaiser, and all other proceedings in said court subsequent to the filing of the information therein, be and the same are hereby vacated and set aside, and the cause is remanded to the district court of Comanche County with instructions to appoint counsel to represent petitioner, if he is not represented by counsel upon his re-arraignment in the district court.

It is further ordered that the Warden of the Oklahoma State Reformatory at Granite, Joe Harp, is hereby ordered and commanded forthwith to deliver the petitioner, Marvin L. Kaiser, to the custody of the sheriff of Comanche County, who is directed to hold said Marvin L. Kaiser pending the disposition of the charge filed against him in case No. 3961 in the district court of Comanche County, or until otherwise discharged according to law.

BRETT, P. J., concurs.

NIX, J., not participating.