**Application of Ed GOODING for Habeas Corpus.**

**No. A-12742.**

Court of Criminal Appeals of Oklahoma.

April 29, 1959.

Lewis E. Neff, Tulsa, for petitioner.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondent.

POWELL, Presiding Judge.

Ed Gooding, a minor, has filed herein petition for writ of habeas corpus, seeking release from the Oklahoma State Reformatory at Granite.

It is set out in petition that on December 17, 1958, when petitioner was a minor eighteen years of age, without assistance or advice of counsel on a purported plea of

guilty to a charge of second degree burglary, he was sentenced to the State Penitentiary for a term of two years. It is further alleged that defendant was a farm boy, inexperienced in the law and with no previous arrests of any kind, and that he has been deprived of his constitutional rights to be represented by counsel.

Attached to the petition is a certified copy of the judgment and sentence in case No. 1269, and also a transcript of the proceedings before the district court as taken down by the official court reporter, G. C. Foreman, Jr. More will be said about this transcript later.

The State in response denies that any of petitioner's constitutional rights were violated. Attached to the response is certified copy of the minute made by the court clerk on December 17, 1958 at Jay, in Delaware County, at the time petitioner was sentenced. The pertinent portion reads:

"State present by County Attorney, L. V. Beaman. Defendant present in person and not represented by counsel. Information read in open court by the County Attorney and a copy accepted by the defendant. The defendant is by the court advised of his statutory and constitutional rights, advised as to his right to be represented by counsel. He states to the court that he does not desire counsel. Waives time to plead and for his plea says he is "Guilty". Waives time for sentence and asks the court to let him hear it one way or the other. It is the judgment sentence of the court that you serve 2 years in the State Penitentiary at McAlester, Oklahoma."

Also attached to the response is affidavit signed by District Judge A. L. Commons in which he concludes that petitioner was properly advised as to his constitutional rights.

 Ordinarily, the official minute made by the court clerk and the statement by the trial court would be conclusive as to what happened in the court room at the time of acceptance of a plea of guilty by the petitioner, and at time of passing of sentence. In re Thomas, Okl.Cr., 316 P.2d 220; Ex parte Sherrill, Okl.Cr., 285 P.2d 469. But to be reckoned with is the detailed report of the proceedings as made by the court reporter at the time, recording the conversation, back and forth, with the petitioner, which must be studied to determine whether or not he well understood at the time of his arraignment, not only that he was entitled to be represented by counsel, but that if he was without funds and unable to employ counsel that the court would furnish petitioner counsel at the expense of the State, or at least without expense to petitioner. We have been unable to find in the minute of the court clerk or the statement of the court any assertion that the minor was made to understand this right. The court reporter's notes refute the idea that the petitioner was so advised. The pertinent portion of the record concerning the point at issue reads:

"The Court: May the record show the defendant is present in open court, and a copy of the information has been read to him and served on him. How old are you? A. Eighteen.

"The Court: Do you have a lawyer? A. No.

"The Court: Are you going to get one? A. I don't know.

"The Court: Well, you had better find out, young man. (No answer from witness).

"The Court: You are entitled to a lawyer, if you want one, under the law. A. I don't guess I do.

"The Court: All right, you don't want a lawyer then? A. (Witness shakes head no).

"The Court: He can't get your nods. Say yes or no. A. No.

"The Court: Let the record show the defendant doesn't desire a lawyer after he has been notified of his rights

and admonished by the Court that he has a right to have a lawyer present at all stages during the hearing and the trial. Now, under the statutes of this State, you have 24 hours in which to *plea,* and that is a right you can waive and you can plea now if you want to. Do you want to plea now? A. Yeah, I guess so.

"The Court: Don't guess, do you want to plea now? A. Yes.

"The Court: All right, let the record show the defendant is fully *advise* of the time to plea and waives that time. How far did you go in school, young man? A. Ninth grade.

"The Court: Where did you go to school? A. Jay.

"The Court: What is your plea, guilty or not guilty? A. Guilty. I took the gun.

"The Court: You took the gun. All right. Let the record show the defendant has entered a plea of guilty. Now, then, under the law, if you request it, I would have to wait 24 hours from this date in which to sentence you. Do you want your sentence now, or do you want to wait 24 hours, that is a right you can waive if you want to. A. You mean I can wait 24 hours?

"The Court: You can wait 24 hours if you want to before the court pronounces sentence on you. Whatever it is going to be, I don't know what it is going to be yet. A. If I waive I don't have to wait 24 hours?

"The Court: No, you can waive that right. Understand you have that right if you want to exercise it, or you can waive that right and enter your plea now. You wouldn't have to wait 24 hours. Do you understand that now? I want you to understand everything the court tells you. I want to admonish you of all your rights. It is my duty as a judge to do that. A. Well, I don't know—I might as well see what I have got coming.

"The Court: Do I understand by that you want me to pass sentence now? A. Yeah, I will have to hear it one way or the other.

"The Court: All right. Let the record show the defendant was duly advised of his rights to wait 24 hours and waives that right, and says he just as well hear it one way or the other. Mr. Beaman, tell me something about this case."

The court then went on to question the county attorney as to the facts of the charge and the county attorney recommended the minimum sentence, but the prosecuting witness was opposed to the sentence being suspended.

It would appear that the defendant at all stages admitted his guilt, was given the minimum sentence (21 O.S.A. § 1436(2)) and has already served a good portion of it. What he would gain by a new trial is speculative to say the least. But we cannot overlook previous decisions of this Court and the Supreme Court of the United States where minors are involved or persons of low mentality who are inexperienced in legal matters.

In the body of the opinion in In re Potts, Okl.Cr., 296 P.2d 180, 184, we said:

"It was the duty of the trial court when the petitioners were brought before him to not only advise them that they were entitled to be represented by counsel, but in view of the fact that the petitioners were minors, to have made further inquiry as to the ability of their parents or guardians to employ counsel, and if such minors could not procure counsel, it was the duty of the court to appoint some member of the bar to represent petitioners. See Ex parte Cook, supra, [84 Okl.Cr. 404,] 183 P.2d [595], at pages 599–601, for reasons."

In Application of McDaniel, Okl.Cr., 302 P.2d 496, at page 501, although the minor's mother was present and acquiesced in his

plea of guilty to the crime charged, the writ was granted. There we said:

"There was no inquiry as to the financial ability of the mother to procure an attorney to advise with the minor and herself. The court did not, so far as the record shows, advise the mother in case he was satisfied that she was unable to procure an attorney, that he would appoint an attorney without charge to her, to represent the minor. If the record had reflected that the court at arraignment had made inquiry as to the financial ability of the mother to employ counsel to advise with her and the son, and if she was not able to employ counsel, had offered to appoint counsel without cost to her, and she and the minor in the face of that had refused counsel and stated that defendant wanted to enter a plea of guilty, the situation would be vastly different than it is, as disclosed by the record, and would have compelled affirmance, but by reason of the matters shown and failed to be shown, the writ must be granted."

See also Ex parte Kaiser, Okl.Cr., 329 P.2d 282, where writ granted a minor.

See Application of Gaskill, Okl.Cr., 335 P.2d 1088, where the parents of the minor were present and where writ of habeas corpus denied.

It is ordered that the judgment and sentence of the district court of Delaware County, in Case No. 1269 be and the same is hereby vacated and set aside, and that all other proceedings in said court subsequent to the filing of the information therein be, and the same are hereby vacated and set aside, and the cause is remanded to the district court of Delaware County with instructions to appoint counsel to represent petitioner, if petitioner is not represented by counsel upon his re-arraignment in the district court.

It is ordered that the writ of habeas corpus be issued and the Warden of the Oklahoma State Reformatory at Granite is hereby commanded forthwith to deliver petitioner, Ed Gooding, to the custody of the sheriff of Delaware County, who is directed to hold said Ed Gooding pending the disposition of the charge filed against him in case No. 1269, in the·district court of Delaware County, or until he is otherwise discharged according to law.

NIX and BRETT, JJ., concur.