**Howard L. STEVENS, Petitioner,**

v.

**Robert RAINES, Warden, Oklahoma State Penitentiary, McAlester, Oklahoma, Respondent.**

**No. A–12741.**

Court of Criminal Appeals of Oklahoma.
Oct. 28, 1959.

Howard L. Stevens, petitioner pro .se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

NIX, Judge.

This is an original petition for writ of habeas corpus brought by Howard L. Stevens, Petitioner. Therein he alleges that he is illegally restrained of his liberty by Warden Raines of the State Penitentiary.

The record reveals that the petitioner was received at said penitentiary on the 5th day of February, 1957, and is now being restrained and imprisoned in said institution by virtue of the following listed judgments and sentences:

"(a) That on February 1, 1957, said petitioner entered a plea of guilty to an information filed in the District Court of Tillman County, Oklahoma, Case No. 2047, charging him with the crime of Attempted Rape in the First Degree, and on said date was sentenced to a term of twenty-five (25) years in the State Penitentiary at McAlester. That a photostat copy of said judgment and sentence is hereto attached, marked "State's Exhibit A," and is made a part of this response.

"(b) That on February 1, 1957, said petitioner entered a plea of guilty to an information filed in the District Court of Tillman County, Oklahoma, Case No. 2048, charging Larceny of an Automobile, After Former Conviction of a Felony, and on said date was sentenced to a term of ten (10) years in the State Penitentiary at McAlester. That a photostat copy of said judgment and sentence is hereto attached, marked "State's Exhibit B", and is made a part of this response.

"(c) That on February 1, 1957, said petitioner entered a plea of guilty to an information filed in the District Court of Tillman County, Oklahoma, Case No. 2049, charging him with the crime of Burglary in Second Degree, After Former Conviction of a Felony, and on said date was sentenced to a term of ten (10) years in the State Penitentiary at McAlester.

"(d) That on February 1, 1957, said petitioner entered a plea of guilty to an information filed in the District Court of Tillman County, Oklahoma, Case No. 2050, charging him with the crime of Burglary in First Degree, After Former Conviction of a Felony, and on said date was sentenced to a term of ten (10) years in the State Penitentiary at McAlester.

"(e) That on February 1, 1957, said petitioner entered a plea of guilty to an information filed in the District Court of Tillman County, Oklahoma, Case No. 2051, charging him with the

crime of Burglary in the Second Degree, After Former Conviction of a Felony, and on said date was sentenced to a term of Ten Years in the State Penitentiary at McAlester."

"2. That the judgment and sentence in Case No. 2048 (10 years for the Larceny of an Automobile, AFCF) is to run consecutive to Case No. 2047 (25 years for Attempted Rape in First Degree). And upon the completion of the sentence in No. 2047, the sentences in Nos. 2049, 2050 and 2051 are to run concurrently with the judgment and sentence in Case No. 2048."

As a result of said judgments and sentences the minimum time presently fixed for completion of his sentence in all of said cases is October 8, 1973.

■ Petitioner chiefly bases his petition upon the following allegations:

"Petitioner in the above cause is a *Deaf mute,* he is both deaf and dumb, and the Court did not at any time take the necessary precautions to assure that the Petitioner was adequately and properly represented by counsel /nor/ did the Court secure an interpreter to translate between the Petitioner and the Court during the trial. The above is a direct violation of Due Process of Law."

\* \* \* \* \* \*

"The Petitioner can neither hear nor speak and was taken into Court without a counsel or an interpreter, he was incapable of determining as to what was going on in the Court Room during his trial, he required the guiding hand of counsel and interpreter.

"This protecting duty was the responsibility of the trial judge, it was the duty of the Court to assign counsel and to secure an interpreter for the petitioner as a necessary requisite of Due Process of Law."

A transcript of the proceedings in each case is attached to the petition and made a part of the record. A review of the record does not bear out petitioner's assertion. The transcript reflects that petitioner was represented by a very able court appointed attorney at the arraignment. The record further shows that questions advising petitioner of his constitutional rights as to an attorney of his choice, right to trial by jury, time in which to plead, etc., were written out, read by petitioner, and his answers written by him and thus were made a part of the record. The questions were thorough and adequately covered petitioner's rights. From a review of the record it is quite obvious that petitioner was fully advised of his constitutional rights prior to entering his plea of guilty and was likewise fully advised of the consequences of such plea.

All of said cases were disposed of upon pleas of guilty. No evidence was taken; therefore, an interpreter would have been useless and petitioner's contention in this regard is without merit. It clearly appears from the record that the trial court had jurisdiction of the person and of the subject matter, and authority under the law to pronounce the judgment and sentence rendered, nothing more was needed for the rendition of a valid judgment. See Ex parte Faulkenberry, 95 Okl.Cr. 259, 244 P. 2d 324.

The writ is therefore denied.

POWELL, P. J., and BRETT, J., concur.