**Application of Daniel MAYFIELD for a writ of habeas corpus.**

**No. A–13468.**

Court of Criminal Appeals of Oklahoma.

Feb. 5, 1964.

Daniel Mayfield, pro se.

Charles Nesbitt, Atty. Gen., Hugh Collum, Asst. Atty. Gen., for respondent.

BUSSEY, Judge.

This is an original proceeding instituted by Daniel Mayfield, an inmate of the State Penitentiary at McAlester, Oklahoma, seeking his release from said institution on the ground and for the sole reason that he, the said petitioner, is presently being held in an isolation ward in the prison hospital in said institution, after having been returned from the State Tubercular Hospital in Clinton, Oklahoma, where he was being treated for tuberculosis prior to his return to the State Penitentiary, for disciplinary reasons.

In a response filed by the Attorney General for and on behalf of the respondent, it is admitted that the petitioner is held in custody and confinement and in restraint of his liberty in the Oklahoma State Penitentiary at McAlester, Oklahoma because of and by authority of a valid Judgment and Sentence made and entered in cause No. 9635, in the District Court of Muskogee County, and because of and by authority of a valid Judgment and Sentence made and entered in cause No. 9657, in the District Court of Muskogee County. That he is being held on said Sentences consecutively. It is the position of the respondent that this petitioner raises no justiciable question for this Court to act upon, and he therefore requests that the Writ prayed for be denied.

We are of the opinion that the request to deny petitioner's application contained in the response should be sustained, for it has been repeatedly held:

"Where the trial court has jurisdiction of the defendant's person, jurisdiction of the subject matter, and authority under the law to pronounce the judgment and sentence, the writ of habeas corpus will be denied." Ex parte Johnson, Okl.Cr., 289 P.2d 157; In re Reynolds, Okl.Cr., 328 P.2d 441; Ex parte Faulkenberry, Okl.Cr., 244 P.2d 324; In re Scearce, Okl.Cr., 336 P.2d 1110.

In the instant case, the petitioner does not challenge the jurisdiction of the trial court, nor the validity of the sentences imposed by said court, on the ground that

the court lacked jurisdiction over the subject matter, person or authority under law, to impose the sentences under which he is currently being confined, but apparently seeks to be transferred to the Tubercular Hospital in Clinton, Oklahoma. The transfer and hospitalization of inmates of the State Penitentiary is vested, by law, in the Executive authority of the State of Oklahoma, and it is to that authority that the petitioner must address his request.

For the reasons herein stated, the Writ prayed for is hereby denied.

Writ denied.

JOHNSON, P. J., and NIX, J., concur.