Wade ADAMS, Petitioner,

v.

STATE of Oklahoma and Ray Page, Warden,
Oklahoma State Penitentiary, Respondents.

No. A–13450.

Court of Criminal Appeals of Oklahoma.

Feb. 19, 1964.

Wade Adams, #68460 pro se.

Charles Nesbitt, Atty. Gen., Hugh Collum, Asst. Atty. Gen., for respondents.

BUSSEY, Judge.

This is an application for Writ of Habeas Corpus, instituted by Wade Adams, an inmate of the State Penitentiary at McAlester, Oklahoma, wherein he is being currently confined under a Judgment and Sentence rendered against him in Superior Court of Okmulgee County, Oklahoma, on the 17th day of September 1962, sentencing him to a term of Two (2) Years imprisonment in the State Penitentiary at McAlester, Oklahoma, for the crime of Obtaining Money Under False Pretenses.

As grounds for his release the petitioner asserts that he was denied his constitutional rights to due process of law, under the Fourteenth and the Fifth Amendments of the Constitution of the United States, in that he was not afforded an attorney when he entered his plea of guilty, on the date above set forth; and received a Two (2) Year suspended sentence. Petitioner further assets that the order revoking the order suspending Judgment and Sentence was void and without force and effect since the original Judgment imposed by the trial court did not contain the terms of the suspended sentence. Petitioner further asserts that the order revoking judgment and sentence entered on the 29th day of April, 1963, was without force and effect in that the petitioner was not present at the hearing conducted on the 29th day of April 1963, for the purpose of determining whether the Judgment and Sentence should be revoked.

In the response filed by the State of Oklahoma, the respondent admits that the petitioner is currently confined in the State Penitentiary at McAlester, Oklahoma, but specifically denies that said petitioner was denied his right to due process of law, or that he was denied his right to be represented by counsel, and in support thereof, has attached a certified copy of the minutes of the Court and a certified copy of the Judgment and Sentence, entered on the 17th day of September, 1962, same providing:

Sept. 17, 1962.

"Sept. 17, 1962. MINUTE.

Entry: State of Oklahoma appeared by County Attorney Harry D. Pitchford. Defendant appeared in person. Information read and defendant served copy of same. After being fully advised of his constitutional rights, defendant waived representation by counsel, waived further time in which to plead and entered a plea of 'GUILTY'. Upon recommendation of County Attorney, defendant is sentenced to serve a term of two (2) years in the State Penitentiary at McAlester. Said sentence to be suspended pending defendant's good behavior.

All as per Judgment and Sentence.
Minute book 5—page 597.
State of Oklahoma vs. Wade Adams, No. 1930"

In the Judgment and Sentence appears the following language:

"* · * * The prisoner, the above named WADE ADAMS, defendant being personally present and having waived being represented by counsel in open Court, and having been legally charged by information presented by the County Attorney of Okmulgee County, Oklahoma with the crime of OBTAINING MONEY UNDER FALSE PRETENSES. * * *"

The respondent specifically denies that the terms of the suspended sentence were not known to the petitioner and in support of this denial attached to its response the certified copy of the suspended sentence, the same providing:

"This is to certify that on the 17th day of September, 1962, I was charged in the Superior Court under a charge of OBTAINING MONEY UNDER FALSE PRETENSES, that I appeared before the Court who fully explained all my rights to me which I thoroughly understood, after which I voluntarily, without any threats or coercion from anyone either before or at the time, entered my plea of Guilty.

"That I was sentenced to serve TWO (2) Years in the State Penitentiary at McAlester, Oklahoma, and that said sentence was suspended under the following terms and conditions, to-wit:

"That I am to conduct myself at all times as a law abiding citizen and will not associate with disreputable characters and will obey all the laws; that on the first day of each month I am to report by letter to the County Attorney of Okmulgee County, Oklahoma, stating my address, whether employed, unemployed or going to school; if I have been guilty of violating any City or State law and that this letter is to be certified by some City or County peace officer where I am living.

"That I fully understand the terms of my suspended sentence and will comply with same realizing that if I fail to do so, that said suspended sentence will be revoked.

"Dated this the 17th day of September, 1962

"s/ WADE ADAMS
"Rt. 2
"Hulbert, Oklahoma"

From the certified copies above set forth attached to the response, same being the record of the Superior Court of Okmulgee County, Oklahoma, it affirmatively appears that the defendant appeared in open court, was advised of the nature of the charge against him, was advised of his rights to court appointed counsel, knew and understood these rights and voluntarily waived his rights to court appointed counsel and entered a plea of guilty and was, by the court, sentenced to serve a term of two (2) years in the State Penitentiary at McAlester, Oklahoma, the same being suspended under the provisions of Title 22 O.S. § 991, § 992.

It further appears that on the 29th day of April, 1963, an application was duly filed in the Superior Court of Okmulgee County for an order revoking the suspended Judgment and Sentence the same providing, in part:

"Comes now Harry D. Pitchford, the duly qualified and acting County Attorney in and for Okmulgee County, Oklahoma and moves the Court to revoke the suspended sentence made and entered herein upon the 17th day of September, 1962, and asks that a Bench Warrant be issued for the arrest of said WADE ADAMS, and in support thereof alleges and states:

"That the above named WADE ADAMS was duly charged by information filed in the Superior Court of Okmulgee County, Oklahoma, with the crime of Obtaining Money Under False Pretenses; that on the 17th day of September, the said WADE ADAMS personally appeared in open court and entered his plea of Guilty to the said

crime and was by the court sentenced to serve a term of two (2) years in the State Penitentiary at McAlester, Oklahoma, that for good cause shown, said sentence of imprisonment was by the Court suspended during good behavior and certain terms and conditions attached to said Judgment and Sentence and made a part thereof.

"That the said WADE ADAMS has failed to abide by the terms and conditions of said suspended sentence in that he has willfully failed and neglected to report in writing since the month of January, 1963, his present whereabouts, employment and certification of a peace officer as to his good behavior. * * *

"That by reason of the misconduct of the said WADE ADAMS and the violations of the terms and conditions of said Judgment and Sentence, the suspended sentence made and entered herein on the 17th day of September, 1962, should be revoked and said defendant should be ordered committed to the State Penitentiary at McAlester, Oklahoma, to serve said sentence of two (2) years imprisonment.

"WHEREFORE, the State of Oklahoma, ex rel the County Attorney, prays the Court to revoke said Judgment and Sentence of 17, September, 1962, suspending the sentence of imprisonment of said WADE ADAMS, and prays that a Bench Warrant be issued for the arrest of said WADE ADAMS, and directing the Sheriff of Okmulgee County, Oklahoma, to bring said defendant before this Court to show good cause why his said suspended sentence should not be revoked.

"s/ Harry D. Pitchford

"Harry D. Pitchford, Cou. Atty.

"Subscribed and sworn to before me this 29th day of April, 1963.

"Lucille Hamlin, Court Clerk"

And thereafter on the 30th day of April, 1963, there was entered the following order: (quoted in part, omitting the caption)

ORDER REVOKING SUSPENDED SENTENCE

"NOW on this the 30th day of April, 1963, same being a regular judicial day of the January, 1963, term of the Superior Court, this cause comes on to be heard upon the verified application of Harry D. Pitchford, County Attorney of Okmulgee County, for an Order to revoke the suspended sentence of the said Wade Adams, which said terms and conditions of said suspended sentence are set forth in the Judgment and Sentence and attachment thereto heretofore entered in said cause on the 17th day of September, 1962; and the Court being fully advised in the premises, finds:

"That said Defendant has violated the terms and conditions of his suspended sentence in that he has willfully failed and neglected to report in writing since the month of January, 1963, his present whereabouts, employment and certification of a peace officer as to his good behavior.

* * * * * *

"IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED BY THE Court, that the suspended sentence of the said Wade Adams is hereby revoked and set aside, and the Sheriff of Okmulgee County, Oklahoma, is hereby Ordered to apprehend said Defendant to be by him transported to the State Penitentiary at McAlester, Oklahoma, and said Defendant is to be confined and imprisoned in said Penitentiary for a period of two (2) years under the Judgment and Sentence heretofore entered in the above and foregoing named cause on the 17th day of September, 1962; a copy of said Judgment and Sentence is attached hereto and is

made a part of this Order Revoking said suspended sentence.

"Don Barnes

"JUDGE OF THE SUPERIOR COURT

\*    \*    \*    \*    \*    \*."

Title 22, O.S § 992, provides:

"Any person so released as provided in Section 991 of Title 22, shall be required to report to the Judge of the Court wherein convicted, at each succeeding term during the pendency of said judgment, or when required by the Court or Judge, and prove to the satisfaction of said Judge by two citizens of said County of good reputation, that said person has not violated any law, and has been a quiet, peaceful and law abiding citizen. Provided, that if it shall be made to appear to said Judge that said person so released has been guilty of a violation of any law after his said release, or is habitually associating with lewd or vicious persons, or is indulging in vicious habits, in that event said Court shall cause a warrant to be issued for said person, and he shall be delivered forthwith to the place of confinement to which originally sentenced, and shall serve out the full term for which he had originally been sentenced." R.L. 1910, § 5987; Laws 1937, P. 20, § 2.

■ The question of whether notice and hearing are required in a proceeding to revoke a suspended sentence has been before this Court many times. It has been repeatedly held by this Court that notice of such a proceeding to the defendant is not necessary and that the hearing may be of a summary character. Ex Parte Boyd, 73 Okl.Cr. 441, 122 P.2d 162 (1942), Ex parte Faulkenberry, 95 Okl.Cr. 259, 244 P.2d 324 (1952) and generally 29 A.L.R.2d 1092. The better practice would be for the trial court to require the County Attorney to file a written motion and give notice to the defendant and introduce competent legal evidence tending to establish a breach of the terms under which a sentence was suspended. The trial court should then specify in the order revoking the suspended sentence the reason for the revocation. This would avoid the inference that "Star Chamber" proceedings have been followed. The statute authorizing the court to revoke an order suspending sentence (22 O.S. § 992), supra, by use of the language when "it shall be made to appear to said Judge \* \* \*" necessarily implies that the court will consider competent legal evidence tending to establish that the terms of the suspended sentence have been breached and that there is reasonable grounds to believe that the defendant is guilty.

■ There are circumstances under which the Judge may issue an order revoking a suspended sentence without the necessity of a formal hearing. These are (1) When the defendant has failed to report as required by law or (2) when the defendant has absented himself from the jurisdiction without leave of the Court or (3) when the court has independent knowledge gained from observation that any of the other conditions or terms of the suspended sentence have been breached. In this event it would be the duty of the court to order the defendants suspended sentence revoked, making specific findings upon which the order suspending Judgment and Sentence is based.

■ In the instant case, the petitioner does not allege or even contend that he had reported to the Court as required under the terms of his suspended sentence; had he done so, and supported this contention by proof that he had not breached the terms of the suspended sentence, then, in that event, he would have established that the trial court abused its discretion in revoking the order suspending Judgment and Sentence and the Writ would issue. But under the circumstances here presented, we will follow the rule that; where it does not affirmatively appear that the trial court's order revoking an order suspending Judgment and Sentence is capricious or an

abuse of discretion, the Court of Criminal Appeals will not disturb the ruling of the trial court.

Writ denied.

JOHNSON, P. J., and NIX, J., concur.