Application of Clyde R. DRAWBAUGH, # 70221, for Writ of Habeas Corpus.

No. A-13598.

Court of Criminal Appeals of Oklahoma.

Nov. 25, 1964.

**1020**

Clyde R. Drawbaugh, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

JOHNSON, Presiding Judge.

Petitioner, Clyde R. Drawbaugh, #70221, is an inmate of the State Penitentiary at McAlester, Oklahoma. He has filed in this Court a petition praying that a writ of habeas corpus be issued releasing him from such imprisonment. Petitioner files his action without the assistance of counsel.

The Attorney General, on behalf of the Warden, has filed a response in the form of a demurrer, and attached thereto copy of the judgment and sentence rendered against the defendant, showing that he was tried and convicted on one count of burglary in the second degree and given a three year sentence on April 24, 1964. Also attached to the response is a copy of the appearance docket of the case against defendant, and copy of the prison record of this petitioner showing that he is serving his first term in the penitentiary, but that there is a hold order on file by the county attorney of Coal County.

As grounds for the writ, petitioner states that he was held in the county jail of Coal County on three charges of second degree burglary. He did not attach copies of the informations; nor of the judgment and sentence under which he is now serving.

Petitioner complains that he had no attorney, and that his "star witness was not contacted", although he put up mileage and issued a subpoena for him. He does not name this witness, and the appearance docket shows that nine witnesses for the defendant were subpoenaed and paid.

The copy of the appearance docket shows that the transcript was filed in the district court of Coal County on November 19, 1963, and that the information was filed November 21. The defendant was arraigned and requested twenty-four hours in which to plead, and on the following day entered a plea of not guilty, and his bond was fixed at $3000. On March 16, 1964 James L. Clark was appointed to represent the defendant, and on March 31, 1964 "the defendant by and through his attorney" announced ready for trial. There also appears a minute on that same date reading: "Let the record further show that the court-appointed attorney, James L. Clark, is hereby relieved of any further responsibility or obligation pursuant to the order of appointment of this court entered

herein on the 16th day of March, 1964." The case was not tried until April 20, 1964.

The minutes of the court further show that the defendant took an active part in the selection of the jury to try his case; that on the trial he requested the rule, reserved his opening statement and after the State rested made his opening statement to the jury; that he presented testimony, made his argument to the jury; that he excepted to the verdict and exception was allowed; that he was advised of his right to file a motion for new trial; that judgment and sentence was pronounced April 21, 1964 and the defendant gave notice of his intention to appeal to the Court of Criminal Appeals.

The record does not show that defendant specifically waived his right to an attorney, nor the reason the attorney appointed to represent him was relieved of this duty. Certainly the defendant participated throughout in the trial of his case.

The burden was on the petitioner to sustain the allegations of his petition for writ of habeas corpus, but he offered no proof in support thereof.

Great weight will be given to the recitations in the minutes of the court proceedings as to what occurred in the trial of one accused of crime. In Ex parte Motley, 86 Okl.Cr. 401, 193 P.2d 613, this Court said:

"Every presumption favors the regularity of the proceedings had in the trial court. The general rule often announced by this court is that error must affirmatively appear from the record; it is never presumed."

In Ex parte Seale, 75 Okl.Cr. 183, 129 P.2d 862, we said:

"Where a petition for a writ of habeas corpus is filed, the burden is upon petitioner to sustain the allegations thereof. It is only when the record and the evidence reveals that the judgment and sentence under which petitioner is being held is void will relief be granted by habeas corpus."

Such is the situation here. Petitioner has failed to sustain the burden of his allegations. Moreover, this petition falls within the rule often advanced by this Court, that the writ of habeas corpus is limited to cases wherein the judgment and sentence are clearly void. And. we have further said that where the trial court had jurisdiction of the defendant's person, jurisdiction of the subject matter, and authority under the law to pronounce the judgment and sentence, the writ of habeas corpus will be denied. Ex parte Hackett, 93 Okl.Cr. 82, 225 P.2d 184; In re Johnson, Okl.Cr., 289 P.2d 157.

From all of the foregoing it is our opinion that the demurrer of the Attorney General is good, and that the petition for writ of habeas corpus should be denied.

It is so ordered.

BUSSEY and NIX, JJ., concur.