**Andrew GIBONEY, Petitioner,**

v.

**Sam JOHNSON, Warden, Oklahoma State Penitentiary, Respondent.**

**No. H–74–251.**

Court of Criminal Appeals of Oklahoma.

June 18, 1974.

Greg Shanahan, Atoka, for petitioner.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., for respondent.

## OPINION

BRETT, Judge:

Andrew Giboney filed in this Court a petition for Writ of Habeas Corpus alleging that his present incarceration in the state penitentiary at McAlester, Oklahoma, is unlawful because the hearing at which his suspended sentence was revoked was held without notice in his absence.

The facts are these: Petitioner, Andrew Giboney, pleaded guilty in April, 1968, to a charge of Burglary in the Second Degree in Case No. 3015 of the District Court, McIntosh County. The trial judge thereupon sentenced him to a term of three (3) years imprisonment but suspended that sentence.

On August 8, 1968, he was arrested for the crime of Burglary and incarcerated in the county jail of McIntosh County. Shortly thereafter, he escaped from that jail. On August 20, 1968, the District Attorney from McIntosh County filed an application to revoke petitioner's suspended sentence in Case No. 3015, alleging as grounds for revocation, the commission of the crime of Burglary and the escape from

county jail. The application recites that Giboney was a fugitive from justice at the time of its filing. The record contains an order revoking petitioner's suspended sentence dated August 20, 1968. That order recites that a hearing was held and testimony heard in open court. That order further recites that the court finds from the testimony heard in open court that the defendant has committed a burglary in Muskogee County and that he has escaped from jail and is a fugitive. Subsequently, Giboney was apprehended and committed to the state penitentiary upon a judgment and sentence of the District Court, Muskogee County, Oklahoma. He completed that term of imprisonment and on June 15, 1972, began serving the sentence of three years' imprisonment imposed by the District Court of McIntosh County in Case No. 3015. On April 30, 1973, he was charged by Information with the crime of escape from a state penitentiary and is presently awaiting trial on that charge.

Petitioner's brief raises two questions: First, is his commitment to the state penitentiary under the judgment and sentence entered in Case No. 3015 unlawful for the reason that the 1968 revocation hearing was held without notice and in his absence, and second, if his commitment to the state penitentiary is held to be unlawful, must the presently pending charge of escape from that institution be dismissed.

Because we have determined petitioner's commitment was not unlawful, we do not reach the second question.

In support of his contention that he had an absolute right to appear with counsel and contest the application filed by the district attorney to revoke, the petitioner relies on Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967) and McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968). His reliance on those cases is misplaced. In *Mempa*, it was held that the constitution requires that counsel be afforded a defendant previously convicted of a felony in a state post-trial proceeding for revocation of his probation

and the imposition of sentence which had been previously deferred. In *McConnell*, it was held that the rule of *Mempa* must be given retroactive application. The decision in *Mempa* is based upon the reasoning that counsel is required " . . . at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected." 389 U.S. at 134, 88 S.Ct. at 257, 19 L.Ed.2d 336, and that sentencing is one such stage. In the instant case, sentence was in fact imposed on Giboney but execution of that sentence was suspended. In *Mempa*, in accordance with a statute, sentencing was deferred at the time the defendant was placed on probation, and the hearing at which it was held that Mempa had a right to counsel was one where probation was revoked and sentence imposed. For that reason, *Mempa* and *McConnell* are inapplicable to the present case.

■ More to the point is the decision of the Supreme Court in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) announcing due process standards governing probation revocation hearings. The Court there held that due process mandates a preliminary hearing and final hearing on revocation in the case of a probationer under the same conditions as specified in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). In *Gagnon*, the Court rejected a per se rule governing the right to counsel in such hearings but held that the body conducting the hearings should decide according to the facts of the individual case whether due process requires that an indigent probationer be represented by counsel.

This revocation hearing was held in 1968 long before the rule announced in *Gagnon*. Doubtless, Gagnon's conclusion was foreshadowed by the holding of *Morrissey* in 1972 that a preliminary hearing was required in a parole revocation hearing, but that too was long after Giboney's hearing. *Morrissey* has been applied prospectively (See e.g. Wrone v. Anderson, 478 F.2d 291 [10th Cir. 1973]), and we see nothing in *Gagnon* which indicates that its rule must be given retroactive application.

■ Title 22 O.S., § 991b was enacted by the Oklahoma legislature in 1969 and provides for a hearing with the right to be represented by counsel, to present evidence, and to be confronted by adverse witnesses. In Wrone v. Page, Okl.Cr., 481 P.2d 479 (1971), however, this Court held that the provisions of that statute have no retroactive effect and that the statute in effect at the time a suspended sentence is revoked will govern the procedural requisites of that revocation. See also Knight v. State, Okl.Cr., 506 P.2d 927 (1973). Title 22 O.S., § 992, which was in effect at the time Giboney's suspended sentence was revoked, permitted a more or less summary and informal revocation of a suspended sentence. There was no absolute requirement that the defendant be personally present in court at the time of revocation. See In re Hall, 78 Okl.Cr. 83, 143 P.2d 833 (1943), Adams v. State, Okl.Cr., 389 P.2d 927 (1964).

■ This does not mean that some probation revocations had before the enactment of § 991b may not be found invalid for want of fundamental fairness. See e.g. Williams v. State, Okl.Cr., 490 P.2d 1122 (1971). This is not such a case. Here, a written application to revoke stating specific grounds was filed. A hearing was had and evidence introduced which established a breach of the terms under which the sentence was suspended. The trial judge in his order revoking petitioner's suspended sentence, made specific findings upon which that order was based. The defendant was not present at that hearing because he had escaped from jail shortly before and was a fugitive from justice at the time the hearing was held. In construing the provisions of 22 O.S., § 992, this Court in Adams v. State, Okl.Cr., 389 P.2d 927 (1964) stated:

"There are circumstances under which the Judge may issue an order revoking a suspended sentence without the necessity of a formal hearing. These are (1) When the defendant has failed to report as required by law or (2) when the defendant has absented himself from

the jurisdiction without leave of the Court or (3) when the court has independent knowledge gained from observation that any of the other conditions or terms of the suspended sentence have been breached. In this event it would be the duty of the court to order the defendants suspended sentence revoked, making specific findings upon which the order suspending Judgment and Sentence is based." id. at 931.

Petitioner makes no allegation that the court acted arbitrarily and without sufficient cause in revoking his suspended sentence. Under the particular circumstances of this case, we find no fundamental unfairness such as would invalidate the revocation proceeding.

For the above and foregoing reasons, the petition for Writ of Habeas Corpus is denied.

BLISS, P. J., and BUSSEY, J., concur.